\*SATTERLEE and SATTERLEE *against* TEN EYCK.

TURNER *against* SATTERLEE and SATTERLEE.

AIKIN having obtained judgment against Southwick, Ten Eyck, sheriff of Albany, being indemnified by Aikin, levied on the property of Satterlee & Satterlee, and sold it as Southwick's, under a *fi. fa.* at the suit of Aikin. The Satterlees sued Ten Eyck in this court for the trespass; and, at the last Albany circuit, obtained a verdict of $500; on which, at the present term, they were entitled to judgment, with costs. In October term, 1826, Turner obtained judgment, in this court, against the Satterlees, for $618 99; which, in September last, Aikin purchased, for the consideration of $175, and took an assignment to Ten Eyck, in his, (Ten Eyck's) name.

*Jas. Edwards*, for Ten Eyck, on affidavits showing these facts, now moved that the judgment in favor of Turner be set off against that in favor of the Satterlees. He cited 3 Cowen, 353.

*L. H. Palmer*, contra. The defendant, Ten Eyck, has neither the legal nor equitable title to the judgment of Turner. One cannot set off a judgment unless he is the absolute and beneficial owner of the debt; not merely a holding in trust for others. (*Fair* v. *M'Iver*, 16 East, 130.) The sheriff is a mere cypher, as to any control over the judgment which he sets up. He does not assume to have any interest; but, (fairly we concede, and that Aikin may obtain relief if he can,) allows the latter to move in his, (the sheriff's) name. The sheriff is a mere agent, and within the case of *Gilman* v. *Van Slyck*,(a) decided at the present term. Turner's judgment can neither be assigned, discharged, nor otherwise affected by the sheriff. The whole

A party cannot set off a judgment, unless he be the beneficial, as well as the nominal owner of it.

Where A. indemnified T. a sheriff, against selling S.'s goods; for which S. recovered judgment against the sheriff; *held*, that A. could not set off a judgment against S. which A. had purchased, and taken an assignment of in the sheriff's name.

(a) Ante. 469.

power is with Aikin ; and it is a preversion of language to call the sheriff assignee.

*S. A. Foot, in reply.   The judgment of the Saterlees is really againt Aikin.   He having indemnified the sheriff, can alone be affected.   The sheriff was bound to proceed in the sale as the agent of Aikin, and for his benefit ; and the recovery may be said to be against him, in, or through the name of the sheriff.   So far as rights and liabilities are in question, Aikin is the defendant before the court.   The sheriff is his trustee for the purposes of this motion.   We had a right to use his name to litigate with the Satterlees ; and equally so now, to pay and satisfy, or set off the judgment.   The case is the same in principle, as if the sheriff had been without any indemnity ; and had bought the adverse judgment with his own money.   When parties come here to set off judgments, the court always look to their real interest.

*Curia.*   True, we look to the real interest of the parties ; and protect the rights of assignees of choses in action, as far as this can be done consistently with the forms of law. The party who comes to set off a judgment need not show that it was obtained in his name.   It is enough that he be the assignee.   But he must be really so ; and not the mere agent or trustee of another.   He must be the absolute owner, holding the beneficial control, or he cannot set off. Here is no less a judgment against the sheriff, because Aikin has chosen to indemnify him.   Even had the sheriff obtained a judgment in his own name against the Satterlees, he could not set it off after assigning it to Aikin : much less, where the judgment is neither nominally nor beneficially his own.   In these cases, the inquiry must be, what is the interest of the party on record ?   If it be nothing, there is nothing to set off.   If we allow bail, sureties and indemnitors to come in with their judgments, where are we to stop?  They are not parties before us.   That it is not enough to show a mere formal assignment, we held in *Gilman* v. *Van Slyck* this very term.   In that case, the

form of the purchase was well enough; but it was not bona fide, and absolute. The bona fides with which a set-off is created, is always a legitimate subject of inquiry. *Fair v. M'Iver, (16 East, 131,) is a strong case to show this. The set-off there was under the statute. The subject of it was a debt which the bankrupt was bound to pay; but because it was created in fraud of a contract to pay in a bill, it was disallowed. The difficulty in the case before us, however, beside the questionable manner in which the set-off was got up, is, that the party who proposes to set off, is the mere trustee; and Turner the *cestui que trust* of an equitable interest. Any judgment in favor of a stranger, might as well be set off, if against the Satterlees.[1]

<div align="right">

ALBANY,
Oct. 1827.

[1] See *Miller* v. *Gilman*, ante 469; N. Y. Dig. vol. 4, tit. *Set-off*.