## WILLIAM B. FISH *v.* JAMES FERRIS, Junior.

Pending an appeal from the Marine or a District Court, when one of the parties to the action is ascertained to be an infant, this court, upon the application of the other party, as well as upon the infant's request, will appoint a guardian *ad litem*, where none has been appointed by the justice. (*a*)

(*a*) The district court consolidation act, of April 13, 1857, prescribes the mode of appointing guardians in those courts. (See Laws of 1857, vol. 1, chap. 344, § 11, p. 710.)—REP.

The application will be heard at special term.

The appointment, however, in the absence of any special cause for immediate action, will not be made until the return is filed.

APPEAL from an order, entered at a special term, denying the application of an appellant in an action, instituted in the Marine Court, for the appointment of a guardian *ad litem* of an infant respondent. The facts appear in the opinion of INGRAHAM, FIRST J., filed at general term.

The decision at special term was made by DALY, J. The following is his opinion:

"I suppose that the provisions of sections 115 and 116 of the Code, for the appointment of guardians, have no application to the Marine Court, but that the power of appointing guardians for infants in suits brought into that court, whether plaintiffs or defendants, is derived from section 106 of the act to reduce the laws relating to the city of New York into one act (2 Rev. Laws, 382), and that the appointment is to be made in the manner in which it was done in the courts of record at the time of the passage of that act.

"If the plaintiff applied to the court below to appoint a guardian, and without doing so they rendered judgment against him, it is error in fact, of which the plaintiff can avail himself.

"Whether the plaintiff had a right to serve notice of appeal upon the infant defendant, it is not now essential to determine. He does not apply to appoint a guardian upon whom to serve a notice of appeal, and if he did, I do not think we should have the power of appointing one. He has brought his appeal, whether properly or not, and the regularity or sufficiency of that must be determined at the hearing at the general term upon the return, or by motion at the special term, if the defendant is in a position to bring such a motion.

The motion for the appointment of a guardian, in the present state of the case, cannot help the plaintiff, and it must be denied, but under the circumstances, without costs."

*William M. Allen,* for the motion.

*William B. Aitken,* opposed.

BY THE COURT. INGRAHAM, FIRST J.—The plaintiff treated the defendant in the court below as of full age, and after serving him with process, made default, and the defendant obtained a judgment against him. The plaintiff has taken measures to appeal from that judgment, and alleges the infancy of the defendant as one ground of appeal. This motion was made by the plaintiff to obtain the appointment of a guardian *ad litem* of the defendant, and was refused at special term. From the order refusing the appointment the plaintiff appeals.

It appears that no return has yet been made to this court, and until that is done there is no good reason why the court should exercise jurisdiction in the case, except for the purpose of compelling a return. It may be the appeal is not perfected, or from some other cause the return will not be made, and in such case further proceedings will be useless.

After the return is made, and further proceedings become necessary, then there should be a guardian appointed. The cause is then pending in this court, and the respondent is an infant, who can appear in no other way, and against whom no judgment would be valid without such appointment. The propriety of the appointment of a guardian for an infant on appeal is stated by the court in *Moody* v. *Gleason,* 7 Cow. 480. If it is proper to make the appointment on the request of the infant, it is equally so for the plaintiff, if the infant neglects to make the application.

The motion was properly denied at special term, and the order then made is affirmed without costs, and without prejudice to a renewal of the motion hereafter at special term, when a return shall have been filed.

Ordered accordingly.