ALBANY,
Oct. 1827.

Ex parte
Brown.

defendants, on the other hand, considering the case *as duly settled, noticed it for argument at, and placed it upon the calendar of, the present term.

On this state of facts two motions were now made.

*W. Esleeck,* for the defendants, moved to set aside the judgment for irregularity; and

*H. P. Hunt,* contra, moved to strike the cause from the calendar. He said, the second order of the judge was a nullity. The only power he possessed, within the 6th general rule of January term, 1799, was, to enlarge the first order. That, having expired, could not be enlarged. This is a term which implies the existence of the first order; and the second must, therefore, be looked upon as an original one. The only relief which the defendants could have, was an order to stay the proceedings, till relief could be obtained on motion to this court;

Rule accordingly.

---

## Ex parte BROWN.

Where the appeal bond is defective, the C. P. may quash the appeal at any time, even after trial, and after a motion for a new trial is denied.

BROWN, the relator, sued Miller before a justice of Dutchess county, who rendered judgment for Brown, of about 30 dollars. Miller appealed; and a verdict passed in his favor of 250 dollars. A motion for a new trial made by Brown was denied; and the proceedings stayed by order, for several terms, with a view to repeat the motion for a new trial. Finally, at the late October term of the C. P., that court quashed the appeal, on Brown's motion,

upon the ground that the amount of the original judgment before the justice was not recited in the appeal bond.

*S. Cleaveland* now moved for a mandamus commanding the judges of the court below to vacate the order quashing *the appeal; and to proceed in the cause. The motion was not opposed; but

[*469]

*Per Curiam.* We have decided that such a bond is defective. (6 Cowen, 585.) The consequence is, that the C. P. had no jurisdiction; and might dismiss or quash the appeal at any time. (Ibid. id. 592, 593.) The principle which sanctions a dismissal upon the trial, extends to every stage of the cause. The C. P. wanted jurisdiction, and had a right to dismiss the cause, therefore, without regard to what the parties may have done in it.

Motion denied.