Camp *vs.* Pace, adm'r.

---

HARRY CAMP, plaintiff in error, *vs.* JAMES M. PACE, administrator, defendant in error.

A dormant judgment will not be set-off, on motion, against a judgment not dormant, unless there are peculiar equities between the parties which require it, or manifest injustice will be done to the owner of the dormant judgment by the refusal of the Court to allow the set-off. No such state of facts appears by this record as will authorize such set-off.

Set-off.   Dormant Judgments.    Before Judge GREEN. Newton Superior Court.    September Term, 1869.

On the 1st of July, 1860, Charles Camp, in the Inferior Court of said county, obtained a judgment for $812 50, principal, $85 32, interest, and $——, costs, against Sarah A. Camp, principal, and Harry Camp as security, and a *fi. fa.* was issued thereupon on the 21st of January, 1862. On the 24th of December, 1860, Daniel Baker, in the same Court, obtained a judgment against Harry Camp (as trustee for Sarah A. Camp) and one Johnson, as security, for $642 00, principal, $8 95, interest, and $——, costs, and on it a *fi. fa.* was issued on the 20th of January, 1862. No entry, by any proper officer, was made upon either of these *fi. fas.* within seven years from the dates when they were issued. At August Term, 1869, of said Superior Court, Baker sued out *scire facias* against Harry Camp as such trustee, and James M. Pace, as administrator of said Johnson, to revive the last named judgment. In August, 1868, Harry Camp sued James M. Pace, as administrator of Charles Camp, for $500 00, for certain services performed for said Charles Camp in his lifetime. The plea was the general issue only. On the trial of this case it appeared that Charles Camp had agreed to have $500 00, due Harry Camp for said services, credited on said first stated judgment, but it had never been done, and so Harry Camp recovered a judgment against Pace, as administrator of Charles Camp, for $500 00, with interest from the 1st of August, 1866.

After this last judgment was entered up, Pace, as administrator of Charles Camp, moved to have said $500 00 judgment entered as a credit upon the first named judgment. Harry Camp, in answer to a rule *nisi* for that purpose, objected to this upon the following averments: 1st. That said $500 00 judgment was for services done for said Charles without any agreement that he should be paid by a credit on said first named judgment, but Charles Camp agreed afterwards to pay him by entering such a credit; that it was understood that the credit was to be *then* entered, so that he might save himself out of trust property of Sarah Camp then in his hands, said *fi. fa.* being the oldest one against

Camp *vs.* Pace, adm'r.

said Sarah's trust estate, but Charles Camp afterwards refused to enter the credit. Now that *fi. fa.* is dormant. 2d. That the judgments in favor of Charles Camp and Baker are both dormant; Pace, as attorney of Baker, is reviving Baker's, which is the younger lien, but is taking no such steps as to Charles Camp's, and thereby increases Harry Camp's risk of loss by giving this junior judgment prior lien on said trust estate. 3d. The judgments sought to be set off were obtained in different Courts, and therefore could not be thus set off. 4th. Pace should have plead set-off in the case of Harry Camp against him as administrator; and last, because Harry Camp's attorney has a lien for fees on the judgment in his favor.

Upon inspection of the papers, and considering said objections, the Court ordered the first named *fi. fa.* to be credited by $500 00, as of the 1st of August, 1866, and that Pace, as administrator, should pay said attorney's fee, thereby satisfying the judgment of Harry Camp against Pace as administrator.

Harry Camp's attorneys say that the Court erred in overruling his said objections to said judgment being so satisfied, and especially as his objections were sworn to, and nothing was shown against them.

A. B. SIMMS, for plaintiff in error, cited Irwin's Code, section 2863, 8th Georgia Reports, 33, 21st Georgia Reports, 510, as to dormant judgments; and Irwin's Code, section 2126, as to increasing risk of surety.

CLARK & PACE, for defendant in error.

BROWN, C. J.

This was a motion to set-off a judgment rendered at the term of the Court at which it was made, against a larger one which was dormant, in which the plaintiff in the judgment not dormant, was defendant, as surety, which the Court ordered to be done, by entering it as a credit upon the dormant judgment. Section 2851 of the Code provides that judgments in the same Court may be set-off against each other, on mo-

tion, the balance on the larger being *collectable under execution.* The dormant judgment in this case was rendered in the Inferior Court, and the other in the Superior Court; but as the Inferior Court is abolished and the late Constitution transfers its unfinished business to the Superior Court, no good objection can be made on the ground that the judgments were obtained in different Courts. They are now, in the language of the statute, " in the same Court."

We are satisfied, however, that the section of the Code above quoted does not apply in such a case as this. It is intended that the judgments set-off against each other be in full force, that they be operative, not dormant—such as can be enforced by execution, as the balance on the larger one after the set-off is declared to be " collectable under execution." In this case the balance is not collectable under execution, as the judgment is dormant, having no lien on any property of the defendant, and can not be enforced by execution till it has been first revived by a proper proceeding for that purpose.

We do not say there may not arise cases where the peculiar equities between the parties may require such set-off. As in a case where there is no good defense to the *scire facias* to revive the dormant judgment, and the debt, of which it is the evidence, is justly and legally due, and the defendant, in the dormant judgment, is insolvent, and is proceeding to enforce his judgment against the other party, contrary to equity and good conscience. In a proper proceeding, upon such a state of facts, the dormant judgment might be set-off against the operative judgment, just as any other debt might be.

But this record makes no such case. The fact that the five hundred dollars which Charles Camp owed Harry Camp, was by agreement to have been credited upon the judgment now dormant, is not sufficient. The record shows it was not so entered by Charles Camp in accordance with his agreement, and Harry Camp brought suit because it had not been done, and recovered judgment for the amount due him, and not a judgment of the Court that the credit be now entered. After the verdict and judgment in favor of Harry Camp for the five hundred dollars, the Court, on motion,

ordered that judgment entered as a credit on the dormant judgment, to which Harry Camp claims he has a valid defense, on the ground that he was only a surety and has been released by the act of the plaintiff. Upon this state of facts we think the Court erred in sustaining the motion.

Judgment reversed.