W. J. HERMAN, *et al.*, v. WILLIAM MILLER.

1. SETTING-OFF JUDGMENTS; *Discretion.* While the courts have the power to off-set judgments upon motion, yet the exercise of that power is in a measure discretionary, and it will not be exercised in cases in which it would be inequitable to do so.

2. ——— Where A., a creditor of B., brought suit upon his claim, and in the action caused an attachment to be issued and levied upon the property of B., which attachment was afterward vacated and set aside, and an action for damages brought by B. against C., the surety on the attachment bond, and where in each action judgment was duly recovered, and thereafter A.'s judgment was assigned to C., and where the record fails to disclose any of the facts concerning the attachment proceedings except that it was vacated and set aside, this court is unable

to say that it was unjust or inequitable to overrule the motion of C. to set-off the two judgments.

3. ———— A party must be the absolute and beneficial owner of a judgment before he have it set-off a judgment against him.

### *Error from Labette District Court.*

HERMAN and another, as assignees of a judgment rendered by the district court against *Miller,* moved that such judgment be set-off against a judgment *Miller* had recovered in said court against them. The district court, at the June Term 1875, denied such motion to set-off, and the *Hermans* bring the case here for review. All the facts are stated in the opinion.

*True & Madaris,* for plaintiffs in error.

*A. H. Ayres,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The plaintiffs in error moved the district court of Labette county to set-off one judgment against another. The court overruled the motion, and this ruling is now presented for review. The facts are these: The Laflin & Rand Powder Company sued Miller. In that action an attachment was issued, and plaintiffs in error went on the bond as sureties. The attachment was dissolved, and Miller brought suit on the bond against plaintiffs in error for damages. Both actions stood for trial at the same term. The first-named case was tried first, and judgment entered, and thereafter, and before the verdict in the second was returned, this assignment was filed, to-wit:

"For the purpose of indemnifying Sylvester F. Herman and W. J. Herman, the defendants in the case now pending in this court wherein Wm. Miller is plaintiff and said parties are defendants, the plaintiffs herein hereby assign to Sylvester F. Herman and W. J. Herman the proceeds in the above-entitled cause. June 15th, 1875.

"LAFLIN & RAND POWDER CO., *Plaintiffs,*
*By True & Madaris, their Attorneys.*"

22—17 KAS.

In reference to this, one of the attorneys testified that he was instructed by the plaintiffs to make this assignment to the Hermans "to indemnify them against any loss in this case," that is, the one in which Miller sued them. And again: "I assigned because Miller was worthless, and I could not collect the Laflin & Rand Powder Co. judgment against him." And again: "The company assigned to the defendants the judgment they recovered against Miller in that action to indemnify them in this action, and enable them to meet and satisfy whatever damages Miller might recover in this action by an equal amount of Miller's indebtedness to the company for whom the defendants signed the bond on which this action is based." After the verdict was returned in the second suit Miller assigned his verdict and claim to his attorneys for fees.

Should the ruling of the district court be reversed, and a set-off ordered? We think not. While courts have the unquestioned power to off-set judgments upon motion, yet the exercise of that power is in some degree discretionary, and it will not be exercised in cases in which it would be inequitable so to do. *Taylor v. Williams*, 14 Wis. 155; *Burns v. Thornburgh*, 3 Watts, 78; *Simson v. Hart*, 14 Johns. 63; *Zogbaum v. Parker*, 55 N. Y. 120; Waterman on Set-Off, § 342; *Simpson v. Lamb*, 40 Eng. L. & E. 59. In the case from 3 Watts, the court says, that "the power to set one judgment off against another is an inherent one, and the only equitable power which the common-law courts originally possessed. Not being conferred by the statute, it is not a legal power, nor its exercise demandable of right; and being discretionary, the propriety of its exercise cannot be questioned here, where we are incompetent to judge of the circumstances." And in the case in Johnson's Reports, it was decided that "a court of law allows set-offs of judgments *ex gratia*, but a party applying to a court of equity is entitled to it as a matter of right." It is apparent from the facts of this case that the court in the above quotation was comparing the remedy by motion with that by bill in equity, and that it meant thereby that

while the granting or refusing a motion to set-off judgments was a matter of discretion, and not reviewable, yet when the same relief was sought by bill in equity it was not a matter of discretion, but the court was bound to determine the rights of parties according to the established principles of equity. Even in such cases, therefore, no set-off would be decreed unless it were equitable to do so. See also *Dunkin v. Vandenburgh*, 1 Paige, 622, in which the chancellor holds, that, "The power of the court of chancery to set-off one judgment against another *on motion* is the same as that of the common-law courts. It is only on bill filed that its jurisdiction is more extensive." And see *Brown v. Warren*, 43 New Hamp. 430; *Camp v. Paige, Adm'r*, 40 Ga. 45; *Bickman v. Manlove*, 18 Cal. 388; *Collett v. Jones*, 7 B. Mon. 586; *Duff v. Wells*, 7 Heisk. (Tenn.) 17. It appears in the case from 18 Cal. that one W. recovered a judgment against Bickman; that execution was issued thereon, and placed in the hands of Manlove, the sheriff, who levied upon certain exempt property belonging to Bickman, and sold it. The latter sued the sheriff for the value of this property and recovered a judgment therefor. W. assigned his judgment to the sheriff, and the latter moved to set-off one judgment against the other. The court held that this could not be done; that it would be unjust, and practically an evasion of the exemption law. Similar views were expressed in the cases cited from Kentucky and Tennessee. In the latter, the court says, that "The statute of this state, and the general rule, that judgments of the same courts may be set-off against each other are applicable only to such judgments as are founded upon matters *ex contractu.*" But *contra* to the views of these last cases, see *Temple v. Scott*, 3 Minn. 419. We do not understand the law to be as stated in some of the above quotations, that the granting or refusing of a motion to off-set judgments is a matter purely *ex gratia*, and not subject to review, but we do understand that the determination of such a motion is to be upon strictly equitable principles, and that the mere existence of mutual judgments, though in the

same court, and held by the same right, does not entitle a party as a legal right to an order directing a set-off. In this case it does not appear that it would have been equitable to have set-off one judgment against the other; or rather, as the facts of the attachment are not fully presented in the record, it does not appear that it was not equitable and just to refuse to set them off. An attachment against the defendant Miller was wrongfully issued. How great a wrong this was, does not appear. There may have been a mere technical omission which caused the attachment to be set aside, or it may have been a wanton and gross outrage upon the rights of Miller. Exempt property may have been seized, or some little business he was prosecuting, and in which he was protected by law, deliberately broken up, because of a failure to pay a debt he was actually unable to pay. To hold that a creditor may resort to unjustifiable and illegal means to harass and annoy his debtor, and then successfully use his judgment to prevent any actual reparation for the wrongs done, would be practically to nullify those laws which the wisdom of the legislature has enacted for the benefit of the honest but unfortunate debtors. We cannot say from anything in the record before us that the district court abused its discretion in refusing to set the one judgment off against the other.

Again, a party must be the absolute and beneficial owner of a judgment before he can have it off-set a judgment against him. It seems fairly questionable whether this assignment was an absolute and unconditional transfer, or made simply to cancel by off-set the judgment in favor of Miller, and intended to be made only to the extent necessary to accomplish that purpose. The assignment was made before Miller had any verdict, and while it was yet uncertain whether he ever would have one, or if he did, what would be its amount. Suppose Miller had recovered nothing, what interest would the Hermans have taken by this assignment in the powder company's judgment? See upon this point, the cases of *Miller v. Gilman*, 7 Cow. 468; *Turner v. Satterlee*, 7 Cow. 480;

*Aikin v. Satterlee*, 1 Paige, 289; *Mason v. Knowlson*, 1 Hill, 218.

The judgment will be affirmed.

All the Justices concurring.