H. B. SCHULER v. CHESTER COLLINS *et al.*

No. 12,222.  ( 65 Pac. 662.)

JAMES LORTON *at al.* v. CHESTER COLLINS *et al.*

No. 12,223.  ( 65 Pac. 662.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Right of Set-off.* The mere existence of mutual judgments, though rendered in the same court and about the same time, does not entitle a party to an order or judgment setting one of them off against the other upon demand.

2. —————— *A Matter for Equitable Consideration.* Whether the power to set off judgments shall be exercised is to be determined in every case upon equitable considerations, and it will never be done where it will operate as an injustice or infringe upon the substantial rights of others.

3. —————— *Laches of Applicant for Set-off.* Where the right of set-off was not asserted for more than three years after the judgments were rendered, nor until other rights had intervened, and where the party had neglected to avail himself of the special security decreed to him with which to satisfy his judgment, the ruling of the court refusing to adjudge a set-off will not be reversed.

4. PRACTICE, DISTRICT COURT—*Reasonable Rule.* The district courts have authority to make necessary and reasonable rules governing the transaction of business therein, and a rule requiring that parties who desire the court to state in writing its findings of fact separately from its conclusions of law shall request the same at the commencement of the trial is not unreasonable or illegal.

Error from Cowley district court; W. T. McBRIDE, judge. Opinion filed July 6, 1901. Division one. Affirmed.

*Sam D. Pryor*, for plaintiffs in error.

*Hackney & Lafferty*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : These cases were tried mainly upon the same testimony and involve substantially the

same questions, the principal one being the right to set off one judgment against another after the lapse of considerable time and the intervention of the rights of others, and may properly be considered together.

In December, 1894, and at the same term of court, H. B. Schuler and Chester Collins each recovered a judgment against the other. The judgment of Schuler against Collins was declared to be a first lien on city property of the value of about $3000 as well as on the homestead of Collins, and the first-named property was ordered to be sold in satisfaction of the judgment. Schuler was dissatisfied with the judgment against him and took the case up for review. He gave a supersedeas bond, with James Lorton and J. B. Lynn as sureties, and, as the judgment was not reversed, the sureties became liable for the amount of the same. An action was brought by Collins upon the supersedeas bond, and the sureties, among other defenses, set up the judgment Schuler had obtained against Collins, and claimed it should have been credited upon the one for which they made themselves liable. The court decided that issue contrary to their contention, and this is one of the cases which has been brought before us.

The other case is one brought by Schuler on January 31, 1898, more than three years after the mutual judgments were rendered, in which he asked to have one judgment set off against the other, and also to enjoin the defendants from enforcing the Collins judgment against him or his property. In both cases J. C. Pollock intervened and set up an attorney's lien on the judgment against Schuler, notice of which was given at the time judgment was rendered; and Louis Q. Jones, executor, likewise set up an assignment of the judgment in favor of Collins, made shortly after

the judgment was rendered. The trial court found against Schuler, as well as against his sureties on the supersedeas bond, refusing to set off the judgments, and this is the principal ground of complaint here.

The existence of mutual judgments does not entitle a party to have one set off against the other arbitrarily as a matter of right. Whether application for set-off is by motion or through a proceeding in equity, it is to be determined upon equitable considerations, and is only allowed when it will promote substantial justice. This was the ruling in *Herman v. Miller*, 17 Kan. 328, where it was said that "the exercise of that power is in a measure discretionary, and it will not be exercised in cases in which it would be inequitable so to do." (See cases cited, and, also, *Boyer v. Clark and McCandless*, 3 Neb. 167; *Lundberg v. Davidson*, 68 Minn. 328, 71 N. W. 395, 72 N. W. 71; *Pirie et al. v. Harkness*, 3 S. Dak. 178, 52 N. W. 581; *Hroch v. Aultman & Taylor Co.*, 3 id. 477, 54 N. W. 269; *Barlett v. Pearson*, 29 Me. 9; Freem. Judg. 427–467; Black, Judg. §§ 954, 1000.)

In the present case no steps were taken to set off one judgment against the other for more than three years after the judgments were rendered, nor until long after Pollock and Jones had acquired their rights in the Collins judgment. Whether Schuler would claim a set-off against that judgment could not be known until he actively asserted the right, and before he did so the rights of the others had intervened.

The right of set-off may remain dormant. The holder of the judgment may actively assert such rights or he may waive them. If he was going to claim the right he should have promptly asserted it, and not delayed until the interests of third persons had become involved. Again, Schuler was given a lien upon

Schuler v. Collins.

real estate to satisfy his judgment, and it was claimed and proof was offered to show that, instead of exhausting the security and obtaining satisfaction of the judgment from that source, he permitted the security to be wasted by taxes and by his negligence, and in this way he imperiled the homestead of Collins, upon which the Schuler judgment was also a lien. Evidently the trial court concluded that a set-off at that late day, under the existing circumstances, would be inequitable and unjust to Collins and the intervening parties, and that conclusion meets with our approval.

Plaintiffs seem to rely upon *Turner v. Crawford*, 14 Kan. 499, and some language in the opinion gives countenance to their view; but how far the setting off of mutual judgments is controlled by equitable principles was apparently not presented to nor considered by the court in that case. When the question did arise, the court, in line with most of the courts of the country, held that judgments would not be set off where to do so would be to infringe upon the rights of others, or where it would operate as an injustice. (*Herman v. Miller*, supra.) The statute gives the attorney a lien, and nothing in the statute indicates that it was intended to be subordinated to the right of set-off. The judgment which the attorney obtains for his client is in a certain sense the fruits of his labor, and the law gives him a lien substantially the same as it gives a mechanic a lien on the products of his labor. The attorney's lien is not a matter of discretion. It is not to be given or withheld as may seem to be equitable to the court, but the statute gives it to him as a matter of right, and we fail to see why it should be subordinated to dormant rights existing between the parties to the litigation. We base the decision, however, on the broader ground that judgments are

Schuler v. Collins.

not set off against each other when it would be inequitable to do so, and there appears to be support in the testimony for the ruling of the trial court.

There is nothing substantial in the objection that the court refused to consolidate the cases, nor in the objections to the admission of testimony. The case was tried by the court without a jury, and no prejudice could have resulted from the reception of the testimony to which complaint is made.

Another objection is that the court refused to make special findings of fact and conclusions of law. The application was not made until the evidence had been introduced, and the court informed them that it came too late. Under the rules prescribed by the court, application for special findings should be made at the time the trial was begun. We think it is competent for the court to make reasonable rules in respect to the disposition of business, and a rule that a request for special findings of fact and conclusions of law shall be made at the commencement of the trial does not appear to be unreasonable. No reason is shown why application was not made in accordance with the rule, nor any ground stated why the court should in this instance have departed from the rule.

Some other objections are made, but we find nothing substantial in any of them and see no reason for disturbing the findings and decision of the court. The judgment in each of the cases will be affirmed.

DOSTER, C. J., GREENE, J., concurring; POLLOCK, J., not sitting, having been of counsel.