No. 28,812.

O. E. RANEY, *Appellee*, v. STELLA MATNEY, *Appellant*.

(278 Pac. 26.)

Opinion filed June 8, 1929.

*T. D. Humphreys* and *Paul Heinz,* both of Topeka, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to require specific performance of a contract to convey land. The question was whether the vendor could give good title. The cause was submitted to the court on an agreed statement of facts. From a judgment in favor of plaintiff defendant appeals. The agreed statement of facts is appended hereto.

The principal contention may be stated as follows: The deed referred to in paragraph 5 of the agreed statement of facts constituted a gift of the land to Dora Raney from her husband; R. S. 60-1511 required that when divorce was granted for fault of the wife, the land should be given to her as land separately acquired and owned by her after marriage; therefore the court was without jurisdiction to award the land to the husband.

It is true that R. S. 60-1511 provides that, if a divorce shall be granted for fault of the wife, the court shall restore to her all property separately acquired by her before or after marriage. It is also

true the provision applies to gifts made by husband to wife. (*Davison v. Dawson,* 125 Kan. 807, 266 Pac. 650.) The section, however, provides further as follows:

"And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof." (R. S. 60-1511.)

The statute clearly contemplates that in adjusting property rights the divorce court may inquire into and determine property origins. In this instance the court made an investigation and found the land was acquired by the husband and wife out of their joint earnings after marriage. The statute provides that no matter in which party title stands the court may give property so acquired to either one. The question before the court was whether this provision becomes inoperative if, after joint acquisition, the husband deeds to the wife. *Prima facie,* the distinction in the statute is between property originally acquired separately by one spouse, and property originally acquired jointly by both, and when divorce is granted for fault of the wife it is not material whether title of property originally acquired with joint funds stands in one or the other, or both. In any event the question before the court was one of statutory interpretation. Manifestly the court had power to make a decision, and whether the decision was sound or unsound it was not void for want of jurisdiction. If the judgment was erroneous it could be corrected only by appeal. No appeal was taken, and the judgment is a final adjudication both as to marital status and property interests of the parties.

The fact that the petition for divorce did not allege insanity and accrual of cause of action for divorce before insanity, did not vitiate it. It stated a good cause of action. Service was duly made on the defendant, she was represented by a guardian for the suit, and the court's express finding that plaintiff was entitled to a divorce was a general finding of all facts essential to a valid decree. In the opinion of the district court the provision made for the insane wife was fair, just and reasonable, as the statute required, and the court so found. The finding was not subject to review by the district court in this action, and is not subject to review here.

The judgment of the district court is affirmed.

## APPENDIX.

### AGREED STATEMENT OF FACTS.

It is hereby agreed by and between the plaintiff and defendant that the controversy involved in the above-entitled cause of action be submitted to the court on the following agreed facts:

1. That the contract, a copy of which is attached to plaintiff's petition, was duly executed by plaintiff and defendant.

2. That plaintiff furnished abstract of title as agreed.

3. That the defendant paid the sum of $100 as earnest money.

4. That the property described in said contract was acquired out of the joint earnings of O. E. Raney and his wife, Dora Raney, and was conveyed by warranty deed made and executed by E. R. Barnes, a single man, to O. E. Raney, September 15, 1899, a copy of said deed recorded at page 162 of vol. 273 of the records of Shawnee county, state of Kansas.

5. That on the 28th day of July, 1902, the said property was conveyed by warranty deed by O. E. Raney to Dora Raney, his wife, and deed recorded July 28, 1902, in vol. 290, page 322, records of Shawnee county, Kansas.

6. That in 1903 plaintiff entered into a contract with the Topeka Iron Co. for the purchase of a tract of land in North Topeka, and known as street number 301 East Curtis street, for a homestead, made all payments for same, and received a deed to same from the Topeka Iron Co. July 19, 1911, which said property has been the homestead of plaintiff from the date of contract, and is at this time the homestead of plaintiff.

8. That on the 3d day of March, 1924, in case No. 2251 in the probate court of Shawnee county, Kansas, Dora M. Raney, the wife of the plaintiff herein, was found to be insane and a proper person for care and treatment in some institution for the insane, and was committed to the state hospital for the insane in Topeka, where she is at this time.

9. That on October 28, 1927, this plaintiff filed suit for divorce against his wife, Dora Raney, being the same person as Dora M. Raney, the insane person; the petition setting out that no children have been born to this plaintiff and the said Dora Raney; that the defendant has been guilty of extreme cruelty toward plaintiff; that she has repeatedly and continuously ridiculed and belittled the plaintiff in his religious beliefs for a number of years.

10. That there is no allegation in the petition that the defendant therein was an insane person, or that the cruelty complained of took place before the defendant, Dora Raney, was adjudged insane.

11. That no guardian at any time has been appointed by the probate court of Shawnee county aforesaid, either of her person or property.

12. That no application has been made in the probate court aforesaid for the appointment of a guardian of either the person or property of the said Dora Raney; neither has an application been made to the said court for permission to sell real estate of the said Dora Raney for her support.

13. That in the said divorce action personal service of summons was had on the said Dora Raney on November 1, 1927, after which a motion was filed

asking for the appointment of a guardian *ad litem,* who on December 12, 1927, filed a general denial of all allegations in the petition, except those relating to the residence of the parties, the marriage, and no children, which allegations are admitted in the answer of said guardian *ad litem.*

14. That on March 3, 1928, the cause came on for trial, the plaintiff appearing in person and by attorney, and the guardian *ad litem* appearing for the defendant. After hearing evidence of plaintiff and his supporting witnesses, the court made the following findings and entered the following judgment:

Thereupon the court, being fully advised in the premises, finds that each and all of the allegations contained in plaintiff's petition were true and correct, and that the plaintiff is entitled to a divorce from the defendant.

It was further shown to the court, and the court found, that satisfactory arrangements had been made with the state board of administration for the keep and maintenance of the defendant in the state hospital, located at Topeka, Kan., whereby $2,000 should be placed by the plaintiff in trust with the National Bank of Topeka, city of Topeka, Kan., providing that the income and so much of the principal as might be necessary, after payment of the expenses of handling said trust estate, should be paid by said trustee for the support and care of the defendant in the Topeka state hospital, as required by the state board of administration, with the provision that any of said fund which might remain unused at the date of the death of the defendant, after the payment of all expenses, including her funeral expenses, should revert to the plaintiff or to his estate if deceased, and that upon depositing of said $2,000 the plaintiff should be relieved from further responsibility for support or maintenance of said defendant. The court finds that such provision is just, fair and equitable, and it is approved and decreed by the court to be in full settlement and satisfaction of all claims for alimony or maintenance of the defendant upon the plaintiff.

The court further finds that the plaintiff and defendant, out of their joint earnings since their marriage, have acquired the property located in the city of Topeka, Shawnee county, Kansas, described as follows, to wit:

The south ten (10) feet of lot one hundred thirty-seven (137) and the north nineteen (19) feet of lot one hundred thirty-nine (139) on Polk street, in the city of Topeka, Shawnee county, Kansas.

The title to the above-described real estate is now vested in the name of Dora Raney, the defendant, but such property is not her separate or individual property, but is the community property of the plaintiff and defendant.

The court further finds that the title to such property should be vested in the plaintiff by this decree, upon the payment of said fund of $2,000 to the clerk of this court for the National Bank of Topeka, trustee, as hereinbefore provided.

The court further finds that upon the payment of said $2,000 the defendant should be forever barred from any right, title, or interest in, or claim to, the real estate above described, or any of the property, either real or personal, now belonging to or hereafter acquired by the plaintiff.

It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff be and he is hereby granted an absolute divorce from the defendant.

It is further considered, ordered, adjudged and decreed by the court that the defendant be awarded alimony as follows, in full of all claims against the plaintiff.

Within six months from this date the plaintiff shall pay the clerk of this court the sum of $2,000 in cash, which sum shall be paid over by the clerk to the National Bank of Topeka as trustee, and shall be held in trust by said trustee subject to the following conditions, to wit:

Said trustee shall keep the principal thereof invested and, after deducting

·the reasonable charges for acting as such trustee, shall disburse so much of the income or principal as may be necessary for the support and maintenance of the defendant, Dora Raney, at the Topeka state hospital, upon the order and direction of the state board of administration of the state of Kansas, or any other person authorized by them; and upon the death of the defendant, Dora Raney, if any of the principal of said fund should then remain in the hands of the said trustee after the payment of all expenses of her care and maintenance up to the time of her death, and including the expenses of her illness and funeral, such balance shall be paid to the plaintiff or his estate, in the event of his death, by the trustee.

It is further considered, ordered, adjudged and decreed by the court that upon the payment of said $2,000 to the clerk of this court, the plaintiff be and he is hereby discharged from any and all further liability for the care and maintenance of the defendant; that the title to the real estate hereinbefore :set out be and the same is by this decree vested in the plaintiff free and clear of any right, title, or interest therein, or claim thereto, by the defendant; and that the plaintiff be and he is hereby vested with full and complete title in and to any and all property, real and personal, owned by him or the defendant, or both of them, at the date of this decree.

It is further considered, ordered, adjudged and decreed by the court that this decree shall not take full force or effect until six months from the date hereof; and that the plaintiff pay all costs of this action, including guardian *ad litem* fee of $35 for Glen J. Logan, the guardian *ad litem* herein.

(Signed)        Geo. H. Whitcomb, *Judge.*

15. It is furthermore agreed that the said Dora Raney has living heirs, a mother, sister, and brothers, and that plaintiff owns other property in his own right acquired since Dora Raney was declared insane.

17. It is agreed that the defendant herein, Stella Matney, has paid out the sum of $20 for examinations of the abstract of titles.