No. 38,755

Ernest Taylor, *Appellee,* v. Thelma Taylor, *Appellant.*

(254 P. 2d 301)

Opinion filed March 7, 1953.

*Robert A. Schermerhorn,* of Junction City, argued the cause, and *C. L. Hoover,* and *A. B. Fletcher, Jr.,* both of Junction City, were with him on the briefs for the appellant.

*Lee Hornbaker,* of Junction City, argued the cause, and *H. W. Harper,* of Junction City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for divorce and for the settlement of property rights. The trial court granted a divorce to the husband for the fault of the wife, and made a division of property, of which the wife complains. The appellee (husband) will be hereinafter referred to as plaintiff, and the appellant (wife) as defendant.

Only so much of the judgment of the trial court as affects the division of property of the parties is before this court for review. Defendant does not complain about that portion of the judgment granting plaintiff the divorce, so we will limit our statement of the essential facts to the pertinent question involved.

Plaintiff and defendant were married in 1938. At the time of their marriage, the plaintiff owned an electric shop, a number of tools, equipment, and an automobile. Defendant had no money or property, except her personal effects.

The plaintiff and defendant moved from Nebraska to Junction City in 1942, and the next year purchased a home for $4,400. The defendant was employed about six months after they moved to Junction City. Subsequent thereto she performed the duties of a housewife. The plaintiff was employed by an implement company for many years, and at the time of the trial was drawing $300 per month, also $200 a year as treasurer of a lodge. During their marriage the parties acquired the mentioned home, two automobiles, a boat, motor, and trailer house, furniture, a stock of liquor in a retail liquor store, and a joint bank account, all of a total stipulated value of $23,399.40. In March, 1949, plaintiff leased a two-story business building in Junction City, for a term of one year with option to renew for two additional years at a monthly rental of $110. He remodeled the second floor consisting of two rental apartments, and the first floor into two separate business rooms, one to be occupied as a liquor store. He then made application under the Kansas Liquor Control Act (G. S. 1949, Chapter 41), to the Alcohol Beverage Control Director for a retail liquor dealer's license. This application was denied because he had not been a resident of Kansas for the statutory period of ten years. [G. S. 1949, 41-311 (2) (b).] Since he would not have been qualified until February 15, 1951, he assigned a portion of his lease covering the liquor store to his wife, the defendant herein, and she made application and was granted a retail liquor license and opened the Thelma Taylor Retail

Liquor Store in September, 1949. In order to secure the liquor license and to purchase the stock to start business, plaintiff cashed $750 in bonds, and borrowed $1,000, and the parties opened a joint bank account. His wife paid no rent on the liquor store. She ran the store in the daytime and he ran it at night. She testified that she handled the renting of the second floor apartments in the building, collected the rents, and deposited them in the joint bank account. It was understood between the parties that the defendant would operate the liquor store, and the plaintiff would continue to work for the implement company, and that all the receipts from the operation of the liquor store and the other income would be deposited in their joint bank account, and all disbursements made therefrom. Things went well and the income from the liquor store in 1950 was approximately $11,000, which was put back into the liquor inventory, and by January, 1951, the $1,200 inventory stock had increased to $10,000, and the joint bank account at the time of the separation of the parties in February, 1951, was $2,600; the $1,000 borrowed by the plaintiff to assist in starting the store had been repaid, and the defendant had purchased a new automobile out of the joint account.

After hearing the evidence, which went into considerable detail, the trial court found that the parties started married life with nothing, and all they now have is the result of their joint efforts. The trial court after considering the $23,399.40 stipulated value of all their jointly acquired property, attempted to make an equal division of such property between the parties. To the plaintiff the court awarded property of the net value of $11,818, and to the defendant awarded the property of the net value of $11,581.46. Included in the property awarded to plaintiff was the stock of liquor and the fixtures in the liquor store, valued at approximately $8,000.

Defendant's first and most important assignment of error is that the trial court erred in finding that the stock of liquor and the store fixtures were jointly acquired property, and in awarding the same to the plaintiff. By reason of the retail liquor license being issued to defendant, she argues that the stock of liquor and fixtures in the store were her separately acquired property by virtue of the provisions of G. S. 1949, chapter 41, generally known as the Kansas Liquor Control Act, and that the same should have been set apart to her as her separately acquired property, as provided in G. S. 1949, 60-1511, the pertinent part of which reads:

". . . If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, . . . owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; . . . And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. . . "

The statute clearly contemplates that in adjusting property rights between the parties in divorce action, the trial court may inquire into and determine property origins. In the instant case, the court made careful investigation and found that all the property, the value of which was stipulated to, was acquired by the husband and wife out of their joint earnings after the marriage. This statute clearly provides that no matter in which party title stands, the court may give property so acquired to either one. Here the divorce was granted to plaintiff by reason of the fault of the defendant, his wife. It is not material whether title of property originally acquired with joint funds stands in one or the other or both. There was an abundance of evidence to sustain the findings of the trial court that all of the property of the plaintiff and defendant was jointly acquired property, and we can find no abuse in its discretion in so holding. (*Raney v. Matney,* 128 Kan. 426, 278 Pac. 26; *Elliott v. Elliott,* 154 Kan. 145, 151, 114 P. 2d 823) As a matter of fact, the trial court under the record in this case was very generous in awarding the defendant an equal division of the property.

The general rule has been stated in 27 C. J. S. 1122, Divorce, §294, subdivision (*b*):

"Jointly acquired property within the meaning of a statute providing for distribution thereof in a divorce action has been held to mean property accumulated by the joint industry of the husband and wife during coverture." (*Forrey v. Forrey,* 167 Kan. 77, 81, 204 P. 2d 725.)

Defendant cites certain provisions of the Kansas Liquor Control Act. These sections deal with licensing. The trial court took no action with reference to defendant's license in dividing the property between the parties. There is nothing illegal in the manner in which plaintiff and defendant set up their liquor store and met the license

requirements. G. S. 1949, 41-311 (1) (n), provides in substance that in the event one spouse is ineligible to receive a license no license shall be issued to the other spouse for any reasons other than citizenship and residence requirements. It is apparent that the legislature intended by this section to provide for the procurement of a license by a spouse if the other spouse could not meet the citizenship or residence requirements of the Liquor Control Act, if they were able to meet all other requirements under the act.

Defendant's premise is that since she holds the retail liquor license the stock and fixtures of the store should have been awarded to her. G. S. 1949, 41-326, defines such license to be purely a personal privilege, good for not to exceed one year after issuance, unless sooner suspended or revoked, and shall not constitute property. It is apparent that it may not be transferred. However, the stock in trade is quite a different thing as it may be pledged, seized, and sold under execution for the payment of debts.

The legislature further provided that in case of death, insolvency or bankruptcy of a licensee, an appropriate court may make such orders as are necessary and equitable for the preservation and operation of the business. In the instant case, the court did not award the license or the liquor store to the plaintiff. It merely awarded to plaintiff the stock in trade as being part of the jointly acquired property, and there is nothing in the mentioned act which prohibits possession of any quantity of intoxicating liquor, as long as it is legally acquired.

We have examined the Kansas Liquor Control Act and find nothing therein which is inconsistent with the provisions of G. S. 1949, 60-1511, and the defendant calls our attention to no case or provisions of the act which would be inconsistent therewith.

The mere fact that defendant held a retail liquor dealer's license, authorizing her to operate a liquor store, did not divest the stock in trade and store fixtures of their character as jointly acquired property.

The defendant assigns three minor specifications of error which need little consideration as they pertain to matters of evidence, and were within the discretion of the trial court, and the record fails to disclose any abuses of this discretion.

The judgment of the trial court is affirmed.

HARVEY, C. J., dissents.