No. 40,124

ERNEST TAYLOR, *Appellee*, v. THELMA TAYLOR, ROY F. HUBBARD, Assignee, *Appellant*.

(303 P. 2d 133)

Opinion filed November 3, 1956.

*C. L. Hoover*, of Junction City, argued the cause, and *Robert A. Schermerhorn*, and *A. B. Fletcher, Jr.*, also of Junction City, were with him on the brief for the appellant.

*Lee Hornbaker*, of Junction City, argued the cause, and *H. W. Harper*, also of Junction City, was with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether the trial court erred in permanently enjoining enforcement of a judgment and grows out of judgments originally entered in an action for divorce and for the settlement of property rights, and for present purposes no dispute of facts is involved.

Some time prior to October 29, 1951, the action was commenced and issues joined. On the above date plaintiff was granted a divorce and the cause taken under consideration as to the settlement of property rights. On January 28, 1952, the trial court rendered a judgment settling property rights and so far as we are now concerned, awarded to plaintiff a stock of liquor and the fixtures in a liquor store, valued at about $8,000, and rendered a judgment in favor of defendant and against plaintiff in the sum of $7,500 payable at the rate of $1,500 per annum. The defendant appealed to this court, which affirmed the judgment in an opinion filed March 7, 1953, appearing as *Taylor v. Taylor,* 174 Kan. 21, 254 P. 2d 301. We are advised that our mandate was spread of record in the district court on April 2, 1953.

On April 3, 1953, the plaintiff, Ernest Taylor, filed his motion in the district court setting forth the judgment of January 28, 1952, and stating that the defendant had continued in possession of the liquor store and in order that the matter be concluded that the trial court appoint appraisers to inventory and appraise the stock of merchandise in the liquor store and in the event the inventory was less than $8,000, that the judgment of $7,500 be reduced accordingly, and that defendant account for the business since October 29, 1951. Following hearings had, the trial court on December 3, 1953, filed a memorandum, made part of the journal entry, that it was without power to interfere with the judgment of $7,500, and on the accounting had found defendant's accountability to plaintiff was in the amount of $8,464.40 which she was ordered to pay to the clerk of the court and plaintiff was given judgment for that amount.

On September 10, 1952, Thelma Taylor George, formerly Thelma Taylor, made an assignment of the $7,500 judgment in her favor to Roy F. Hubbard to secure payment of her note to him dated September 10, 1952, in the sum of $2,250. This assignment was never filed, but was presented to the trial court at the hearing for injunctive relief later mentioned but not introduced in evidence. Apparently it was not considered by the trial court in rendering judgment as later mentioned. On June 18, 1953, and after Ernest Taylor had filed his motion for an accounting on April 3, 1953, Thelma Taylor George executed another assignment to Roy F. Hubbard reciting that she was indebted to him in the sum of $2,343 evidenced by a "note of even date" and that she had agreed to assign the $7,500 judgment to him "as security for the payment of such

indebtedness." This assignment was filed June 25, 1953, and refiled September 30, 1953.

On January 14, 1954, Roy Hubbard as assignee of Thelma Taylor George filed his praecipe for execution on the judgment rendered January 28, 1952, in favor of Thelma Taylor and against Ernest Taylor alleging there was due on that judgment the sum of $1,500, and an execution was issued the same day for that sum.

On January 16, 1954, Ernest Taylor filed his motion for a stay of execution stating facts with reference to the assignment and alleging that under it Hubbard acquired no right against Ernest Taylor, and also that as of the date of the motion nothing was due under the judgment of January 28, 1952. On May 19, 1955, Taylor filed another motion of similar import making it clear he sought a permanent injunction. On the same day the first motion was filed the court stayed execution until further order of the court and set the matter down for hearing on a fixed date. Following continuance, the matter was finally heard on June 28, 1955, at which time the parties presented their evidence and argued the cause and the court took the same under advisement until August 4, 1955, when it filed a memorandum sustaining the motion for a permanent stay of execution. A subsequent motion of Hubbard to clarify language used was allowed and on September 24, 1955, the trial court formally rendered judgment that Hubbard be permanently enjoined from enforcing or attempting to enforce the judgment assigned to him. In due time Hubbard perfected an appeal to this court.

In support of his contentions, appellant directs our attention to an extensive annotation on "Setoff as between judgments" appearing in 121 A. L. R. 478, et seq., and many excerpts are quoted therefrom and on occasion Kansas decisions cited therein are in part quoted from or reviewed. The gist of his contentions is that no right of setoff can come into existence until both judgments have been rendered; mutuality of the parties is essential to a setoff as between judgments and the judgments must be between the same parties in the same right, citing Heston v. Finley, 118 Kan. 717, 236 Pac. 841; that there is no objection to an equitable setoff of one judgment against another unless intervening rights are prejudiced thereby; that the existence of mutual judgments does not entitle a party to have one set off against the other as a matter of right, citing Alexander v. Clarkson, 100 Kan. 294, 164 Pac. 294,

L. R. A. 1917 F, 1006, and *Heston v. Finley*, supra; that a setoff as between judgments is a matter within the discretion of the court to which application for a setoff is addressed, citing *Herman v. Miller*, 17 Kan. 328, and *Schuler v. Collins*, 63 Kan. 372, 65 Pac. 662; that the exercise of the power to set off judgments rests within the discretion of the court and will be disturbed only when it appears that it has operated to the injury of third parties, citing *Herman v. Miller*, supra; that circumstances making a setoff equitable, and promoting substantial justice, rather than the mere existence of mutual judgments, are usually regarded as necessary for the allowance of setoffs as between judgments, citing *Schuler v. Collins*, supra; that where assignment of one judgment has been made to a third party, a primary consideration is whether the right of setoff existed at the time of the assignment, citing again the above and other Kansas decisions. Our attention is also directed to *Thornton v. Van Horn*, 140 Kan. 568, 571, 37 P. 2d 1015, dealing with the finality of judgment and that after the term at which rendered, the trial court has no further control of it. Throughout his brief, appellant directs attention to the factual situation heretofore reviewed. The main proposition relied on is that the judgment of January 28, 1952, became a finality and was assigned in good faith to the appellant, his rights intervened before appellee sought to have a setoff, and under the authorities relied on by him at the time the court stayed execution it in effect modified the judgment of January 28, 1952; that there never was any mutuality between the two judgments involved, and the court erred in its judgment.

In our opinion the contentions made by the appellant are based upon a reliance of a part of what transpired and by not taking into consideration the entire factual situation presented by the record.

Some repetition of statements previously made in this opinion is necessary. Insofar as property rights between Ernest Taylor and Thelma Taylor were concerned the trial court rendered a judgment on January 28, 1952, awarding a liquor stock and the fixtures in a liquor store valued at about $8,000 to Ernest Taylor and rendering judgment against him and in favor of Thelma Taylor for $7,500. Other dispositions were made which require no notice. Thelma Taylor appealed from this judgment and on appeal in this court contended the judgment of the trial court was erroneous because the liquor store was not awarded to her. That contention was not

sustained by this court. (*Taylor v. Taylor,* supra.) Had it been sustained, the judgment for $7,500 would have been included in the reversal. Until the appeal was disposed of, the judgment settling property rights had not reached ultimate finality. After our opinion disposing of the appeal was filed on March 7, 1953, and after the time for motion for a rehearing had expired, our mandate was sent to the clerk of the trial court on March 30, 1953, and was spread of record in that court on April 2, 1953. On April 3, 1953, Ernest Taylor filed his motion for an accounting as to the liquor stock and store, of which Thelma Taylor had remained in possession, and in which he sought to have the judgment of $7,500 to Thelma Taylor reduced if the amount found due him on the accounting was less than $8,000. Although the language used in the motion did not specifically so state, we are of the opinion the over-all result sought was to have an offset of his claim against the judgment in favor of Thelma Taylor. That Ernest Taylor acted with diligence is not open to debate.

Nor does appellant take into consideration that while Thelma Taylor's appeal was pending, she made the assignment to Hubbard dated September 10, 1952, heretofore mentioned. Hubbard seems to place some reliance on this assignment even though it was never formally introduced in evidence and appellee Taylor says it was never considered by the trial court, but it is clear that in any event the action was pending on appeal at the time the assignment was made and no interest could be acquired by Hubbard as against Ernest Taylor (G. S. 1949, 60-2601). It is to be noted also that our determination of the appeal in *Taylor v. Taylor,* supra, did not finally adjudicate the settlement of property rights between Ernest Taylor and Thelma Taylor, and that his motion to have the same determined, filed April 3, 1953, antedated the assignment from Thelma Taylor to Hubbard made June 18, 1953, and filed June 25, 1953, and refiled September 30, 1953. This assignment must also be considered as being made prior to the time the property rights between Ernest Taylor and Thelma Taylor had been finally adjudicated.

In his contentions and argument, appellant treats the assignment to him as though all of the interest of Thelma Taylor George was conveyed to him for a valuable consideration and without notice of any outstanding equities. Insofar as extent of interest conveyed is concerned, attention has heretofore been directed to the fact

that each assignment was as security for the payment of an existing note of an amount far less than the amount of the judgment purportedly assigned, a fact tacitly recognized by appellant in a statement in his brief that "it is quite conceivable that the right of setoff would be good as to any overage." We do not now hold the assignment is to be ignored because given only for security purposes (*Alexander v. Clarkson*, supra), but we do hold that the purpose of the assignment may be considered in determining whether the equities are such that a setoff should or should not be allowed.

We shall not dwell on appellant's contention there can be no setoff until both judgments, one of which is sought to be offset against the other, have been rendered, in view of what has been said about the chain of events and the fact that Ernest Taylor in asking for judgment of accounting as to the liquor store and stock asked that the amount found due be used to reduce the judgment award in favor of Thelma Taylor. Nor shall we dwell on the question of mutuality of parties on their claims, for regardless of the situation in other cases, certainly in an action for divorce and division of property there is mutuality of parties and of claims. What has been said as to the circumstances concerning the assignment by Thelma Taylor George to appellant Hubbard covers the proposition that he cannot assert lack of mutuality, nor that his intervening rights under the assignment were prejudiced by the trial court's judgment.

It may be conceded that the mere fact that mutual judgments exist does not as a matter of right entitle a party to have one set off against that of the other. It has often been held, however, that a setoff as between judgments is within the discretion of the court to which the application is made, that the court shall take into consideration the equities between the parties or those claiming under them with notice thereof, and that if the court to which the application is made allows the setoff, it will only be disturbed in a case such as is under consideration here where it appears that the setoff has operated to the prejudice of a third party without notice of the equities when an assignment has been made to him, and he complains. See the various authorities heretofore mentioned.

Appellee presents some argument that the setoff was proper by reason of our code provision with respect to cross demands, and that assignment of a thing in action shall be without prejudice to any setoff (G. S. 1949, 60-715 and 402). We entertain some doubts that either section is applicable to the facts before us, but ex-

pressly refrain from so ruling, for the reason the issue presented by the appeal is determined on the other grounds discussed herein.

We are of the opinion that the trial court in reviewing the entire record was warranted in permanently staying execution by Hubbard on the claim asserted by him under his assignment from Thelma Taylor George, and no error appearing, its judgment should be, and it is, affirmed.