No. 43,026

INEZ L. DIKEMAN, *Appellant,* v. BIRL DIKEMAN, *Appellee.*

(379 P. 2d 314)

Opinion filed March 2, 1963.

*Robert M. Walker*, of Wichita, argued the cause, and *John Madden* and *John Madden, III*, of Wichita, were with him on the briefs for appellant.

*Clyde Wendelken*, of Wichita, argued the cause, and *Henry E. Martz* and *Elliott Fry*, of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This was a divorce action. The court granted a divorce to the plaintiff wife, awarded permanent alimony, and made a division of the property.

The plaintiff has appealed, contending the district court abused its discretion in making a division of the property and in awarding the defendant personal property acquired by her from her personal earnings.

The parties were married in 1936 and they have one son who is of age. Both parties worked almost continuously during the marriage. During World War II the defendant was in the Navy and his family received a government allotment. The allotment check plus some pay he received was deposited in a joint bank account. During that period, the plaintiff worked and she used her paycheck for the family living expenses. When the parties returned to Wichita they had saved approximately $6,500. They purchased a home and an adjoining rental property for $10,000, making a down payment of $5,000 thereon. A mortgage was given for the balance and at the date of the trial there was a balance owing of $283.77. After the purchase of the properties and furniture, the rental payment of $50 per month was paid on the mortgage.

Following their return to Wichita the plaintiff was employed by Sears Roebuck & Company and the defendant was employed by Boeing Airplane Company. The plaintiff and defendant were approximately 50 years of age and both were working when the action was commenced and at the time of trial. There was no evidence of the gross salaries of either of the parties, nor was there any evidence that either had inherited any property or received any property by way of a gift. At the conclusion of the testimony, the court required that an inventory of assets of a safety deposit box be made and filed by counsel of the parties. In addition, counsel for the defendant filed an inventory showing assets of the parties to be $20,570.15, the accuracy or validity of which was not disputed. Included in the inventory was a joint savings account in the sum of $965.32

which stood in the names of the plaintiff and the son and pledged to secure a loan to the son, and in the safety deposit box were government bonds in the amount of $1,703.60, purchased by the plaintiff from her earnings which stood in her name alone. The remainder of the government bonds in the safety deposit box of the value of $4,006.90 stood in the names of the plaintiff and the defendant and were purchased by the defendant from his personal earnings.

Based upon the testimony adduced and the inventory, the court awarded the plaintiff the home and the rental property of the value of $10,000, less the mortgage indebtedness, or a net value of $9,716.23; the household contents in each house of the value of $1,050; a joint bank account in the sum of $1,072.95 standing in the names of plaintiff and the son; cash in plaintiff's possession of $530, and insurance policies having a cash surrender value of $893.67, totaling $13,262.85. The defendant was awarded a Buick automobile of the value of $500; the parties' joint bank account of $96.16 to which plaintiff had not contributed; the joint savings account of $965.32 standing in the names of plaintiff and the son; cash in his possession of $36, and government bonds standing jointly in the names of the parties and in the name of the plaintiff alone in the sum of $5,710.50, and awarded the defendant $3,000 which was made a lien upon the real estate. Property set aside to the husband, including the $3,000 award made a lien upon the real estate, totaled in the sum of $10,307.98. By deducting the $3,000 award to the defendant from the value of property awarded the plaintiff, it is observed she was awarded property of the value of $10,262.85. In addition, the defendant was ordered to pay attorneys fees for the plaintiff and defendant in the sum of $1,250, plus the costs of the action, which reduced his share to $9,057.98.

The plaintiff's argument is based on two premises. First, that the court's judicial discretion was limited to awarding to her one-half of the jointly acquired property, and second, that the court should have first awarded to her some $2,668.92 as her sole and separate property which she saved from her personal earnings (the joint savings account of $965.32 and government bonds in the amount of $1,703.60).

We shall first discuss plaintiff's second premise. The defendant concedes that pursuant to G. S. 1949, 60-1511, where a divorce is granted for fault of the husband, it is the duty of the court to restore to the wife all property owned by her before the marriage

or acquired by her in her own right after the marriage. The section, however, provides further as follows:

"And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

The defendant contends that if, under the facts and circumstances, the plaintiff's second premise is erroneous, there is no basis whatsoever to substantiate the first premise.

We are of the opinion that the property in question, that is, the joint savings account and the government bonds standing in the names of plaintiff and the son or in her name alone, was "acquired by the parties jointly during their marriage" and was subject to division in the sound judicial discretion of the court. In *Raney v. Matney*, 128 Kan. 426, 278 Pac. 26, the court, speaking through Mr. Justice Burch, and after quoting that portion of Sec. 60-1511 set out above, said:

"The statute clearly contemplates that in adjusting property rights the divorce court may inquire into and determine property origins. In this instance the court made an investigation and found the land was acquired by the husband and wife out of their joint earnings after marriage. The statute provides that no matter in which party title stands the court may give property so acquired to either one. . . . *Prima facie*, the distinction in the statute is between property originally acquired separately by one spouse, and property originally acquired jointly by both, and when divorce is granted for fault of the wife (here, for fault of the husband) it is not material whether title of property originally acquired with joint funds stands in one or the other, or both. . . ." (l. c. 427.)

In *Forrey v. Forrey*, 167 Kan. 77, 204 P. 2d 725, the husband and wife had lived apart for over twenty years. Prior to their separation eight children were born to the marriage. Following the separation, the defendant husband devoted himself to his business and accumulated considerable property while the wife reared the eight children. In addition to granting the wife permanent alimony, the court gave her certain pieces of property acquired by the husband during the separation, which stood in his name. In the opinion reference was made to Sec. 60-1511, and it was said:

"This opinion might very easily be extended indefinitely on the question of the extent of plaintiff's efforts and industry in carrying out her part of the

marriage relationship in the rearing, caring for and educating the eight minor children of the parties during the long period of years they were separated but it is sufficient to say that under the facts of this case we have no hesitancy whatsoever in saying that the plaintiff must be said to have contributed to the accumulation of the property and that surely in this sense of the word it was 'acquired by the parties jointly during their marriage' within the meaning of the provision of the statute heretofore quoted. . . ." (l. c. 81.)

See, also, *Elliott v. Elliott,* 154 Kan. 145, 114 P. 2d 823; *Taylor v. Taylor,* 174 Kan. 21, 254 P. 2d 301, and *Cunningham v. Cunningham,* 178 Kan. 97, 283 P. 2d 405.

In the instant case the plaintiff and defendant started their married life with no assets at all. Both were thrifty and worked almost continuously for 25 years. Neither received anything other than by their labors. The real property stood in the name of the parties jointly; bonds acquired by the defendant were placed in the names of the parties jointly and the defendant deposited his paychecks in the joint bank account. But that was not true of the wife. She established a joint savings account with the son and all bonds she purchased from her earnings were placed in her own name. Under these circumstances we have no hesitancy in concluding that the property in question must be said to be property "acquired by the parties jointly during their marriage" within the contemplation of Sec. 60-1511, and was subject to a division between the parties in the sound judicial discretion of the district court.

There remains for disposition the plaintiff's second premise that the court erred in making a just and equitable division of the property. This court has long adhered to the view that an award of alimony and division of property made by the district court in a divorce action will not be disturbed unless it is clearly shown that there was an abuse of discretion. (*Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165; *Forrey v. Forrey,* supra; *Goetz v. Goetz,* 180 Kan. 569, 306, P. 2d 167; *Garver v. Garver,* 184 Kan. 145, 334 P. 2d 408.)

The award of money and property to the plaintiff, after taking into consideration payment of attorneys fees and costs of the action by the defendant, is considerably more than one-half of the property owned by the parties at the time of the divorce, and under the circumstances we cannot say the district court abused its discretion. On the contrary, it appears that it justly and equitably divided the property acquired by these parties during their marriage.

From what has been said it follows that the judgment appealed from should be and is hereby affirmed.