Turner v. Crawford.

The defendant asked the court to give the following instruction, which was refused:

"Before the plaintiff can recover in this action the jury must find from the evidence that cattle belonging to the defendant, or in his charge, did break into and enter the inclosed land of the plaintiff and injure her fence or her growing crops, and that at that time the plaintiff's field or inclosure *was surrounded by a legal and sufficient fence.*"

Verdict in favor of the plaintiff for $33 damages, and judgment on the verdict for such damages and for $220.85 costs. *Rice* brings the case here on error.

*Martin, Burns & Case,* for plaintiff in error.

*Hopkins & Hayden,* for defendant in error.

The opinion of the court was delivered by

---

WILSON C. TURNER, *et al.,* v. OSCAR CRAWFORD, *et al.*

1. SETTING OFF JUDGMENTS; *Rule Stated.* Where two persons have judgments against each other, either may maintain an action against the other to have the two judgments compensate and pay each other up to the amount of the smaller judgment.

2. —————— And where C. and T. have judgments against each other, and C. assigns his judgment to B. as collateral security to secure the payment of a debt, and B. afterward assigns it back to C.; *held,* that as C. never parted with his entire interest in the judgment, he may, after the reassignment of the judgment to him, maintain an action against T. to have one judgment compensate the other, up to the amount of the smaller judgment.

3. ATTORNEYS-LIEN—*Subject to the Right to set off Judgments.* And in such a case, where T., after C.'s judgment was rendered, assigned his judgment to H., and H., also after C.'s judgment was rendered, had obtained an attorneys-lien on said T.'s judgment: *held,* that neither such assignment to H., nor the attorneys-lien of H., nor both together, can destroy or defeat the right of C. to have one judgment compensate and pay the other up to the amount of the smaller judgment.

4. —————— The case of *Leavenson v. Lafontane,* 3 Kas., 523, is considered and overruled, so far as relates to attorneys-liens.

*Error from Wyandotte District Court.*

ACTION by *Oscar Crawford* and *James T. Johnson,* plaintiffs, against *Wilson C. Turner, Hadley & Glick,* and *Wm. B. Bowman,* as defendants. The object was to compel a compensation of the judgments which *Turner* had recovered at the October Term 1871 of said district court against said *Crawford,* amounting in the aggregate to the sum of $261.65, debt and costs, against a judgment which *Crawford* had recovered against *Turner,* in the same court, at its June Term 1870, for the sum of $511.95, debt and costs, and that *Crawford* have judgment for the balance. Said suits of *Turner* against *Crawford* had been commenced originally before a justice of the peace, where judgment was given in favor of *Turner.* *Crawford* appealed both cases to the district court, and *Johnson* became his surety in the appeal bonds. After the issuance of executions (from the district court) on said judgments in favor of *Turner,* and the return thereon of "No goods," *Turner,* with *Hadley & Glick* (who claimed an interest in said judgments as assignees,) commenced an action as plaintiffs before *Bowman,* a justice of the peace, against *Crawford* and *Johnson* on said appeal bonds. This action was thereupon commenced by *Crawford* and *Johnson,* and a part of the relief demanded was, that the defend-

ants here should be forever enjoined from prosecuting their action on said appeal bonds. Trial at the October Term 1872. The district court found generally in favor of the plaintiffs, and gave judgment in their favor, and against the defendants as prayed for in their petition. The defendants appeal, and bring the case here on error.

*D. B. Hadley,* and *C. S. Glick,* for plaintiffs in error.

*Bartlett & Hale,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: It would seem from the record in this case that in 1870 Crawford and Turner each had claims for money against the other. Judgments were subsequently rendered on these claims — one in favor of Crawford and against Turner, and two in favor of Turner and against Crawford. The judgment in favor of Crawford was greater in amount than both of the judgments in favor of Turner. Afterward, said Crawford, and one Johnson, as plaintiffs, commenced this action against Turner and the other plaintiffs in error for the purpose of having the Turner judgments applied (so far as they would go) in partial payment of the Crawford judgment, and also for the purpose of perpetually enjoining the collection of the Turner judgments. The court below rendered judgment in favor of the plaintiffs (Crawford and Johnson,) as prayed for in their petition, and the defendants below (Turner and others) now bring the case to this court. If no assignment of any of said claims or said judgments had been made, or if no right of third persons had intervened, we suppose such an action as this might properly be maintained. And in such a case the judgment rendered by the court below would be upheld by this court.

1. Setting off judgments.

But it is claimed by the plaintiffs in error (defendants below,) that said judgments were *assigned,* and that the right of third persons had intervened, before this suit was commenced. The plaintiffs in error claim that the Crawford judgment was assigned to Bartlett & Hale, and that the

Turner judgments were assigned to Hadley & Glick, and that Hadley & Glick also had an attorneys-lien upon said last-mentioned judgments. Now, as Crawford is seeking to have the Turner judgments and his judgment compensate each other to the amount of the Turner judgments, it would certainly seem necessary that Crawford should still be the owner of the Crawford judgment. A previous assignment

2. Assignment, and reassignment. by him of all his interest in the Crawford judgment would certainly destroy his right to have it pay and cancel the Turner judgments. But did he so assign the same? As the record is brought to this court we cannot say that he did. The findings of the court below were general, and in favor of the plaintiffs, Crawford and Johnson, and against the defendants, Turner and others. The findings of the court below were therefore in effect that no such assignment was made. And we cannot say that the findings were not supported by sufficient evidence. The evidence undoubtedly tends to show that Crawford at one time assigned his said judgment to Bartlett & Hale, and that Bartlett & Hale afterward, but before the commencement of this suit, assigned the judgment back to Crawford. But what kind of an assignment was this? Did Crawford assign said judgment to Bartlett & Hale merely as a collateral security for a debt, and himself still retain an interest in the judgment, or did he assign the judgment absolutely? The evidence does not show what kind of an assignment was made, with any degree of certainty. It tends however to show that the assignment was merely as a collateral security for a debt. Crawford himself testified, "that in the spring of 1871 he assigned his judgment against Turner for $403.25 to Bartlett & Hale to *secure fees* he owed them, and the same was not assigned back to him until just before the commencement of this suit." Now if the assignment of the judgment to Bartlett & Hale was merely an assignment to secure attorneys-fees, and was not an absolute assignment of all the property in the judgment, then we think that Crawford had the right, after the judgment was reassigned to him, to commence this action.

And under the evidence and *the findings of the court below* we must consider that the assignment was made merely to secure attorneys-fees, and not as an absolute assignment.

We do not think that the assignment of the Turner judgments to Hadley & Glick, or their attorneys-lien on said judgment, can make any difference in this case. Crawford's

3. Attorneys-liens, subject to the rights to set off judgments.

claim and judgment existed prior to the Turner judgments, prior to the said assignment to Hadley & Glick, and prior to their attorneys-lien. Turner could therefore not assign his judgments, nor the claims upon which they were rendered, nor incumber such claims or such judgments with attorneys-liens, or any other kind of liens, so as to defeat Crawford's right to have his judgment or his claim compensate and pay the Turner judgments, or claims. A judgment is not like negotiable paper. It may be assigned, but will still be subject to all the defenses, counter-claims, or set-offs which the judgment-debtor might, at the time of the assignment, have against it. This right of Crawford to have his judgment compensate and pay the Turner claims and judgments existed from the time the Crawford judgment was rendered down to the present time, and still exists, except that possibly during the time the Crawford judgment was pledged to Bartlett & Hale to secure attorneys-fees Crawford's right to so use said judgment would have been subject to the consent of Bartlett & Hale. If Turner had not assigned his judgments, or incumbered them with attorneys-liens, his right to have his demand compensate that of Crawford up to the amount of his demand would have existed, notwithstanding the assignment of the Crawford judgment to Bartlett & Hale.

The view we have taken of this case is in accordance with our statutes. An action may be maintained in this state on a domestic judgment. (*Burnes v. Simpson*, 9 Kas., 658.) If either Turner or Crawford had commenced an action against the other on his judgment, the other could have set up his judgment as a set-off, (Gen. Stat., 648, 649, §§ 94, 98;) and § 100 of the code provides that, "When cross demands have

existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other; but the two demands must be deemed compensated so far as they equal each other." (Gen. Stat., 649.) The view that we have taken of this case is also in accordance with equitable principles. So far as this decision conflicts with the decision made in the case of *Leavenson v. Lafontane,* 3 Kas., 523, that decision is overruled.

The judgment of the court below is affirmed.

All the Justices concurring.