MILNER *v.* CAMDEN LUMBER COMPANY.

Opinion delivered February 11, 1905.

1.  SET-OFF—JUDGMENT.—Under Kirby's Digest, § 6101, providing that
    a set-off "must be a cause of action founded on contract or ascertained
    by the decision of a court," a judgment may not only be set off
    against another judgment, but may be used as a set-off against any
    claim founded on a contract. (Page 225.)

2.  SAME—COSTS.—The fact that a judgment which defendant pleaded and
    was entitled to use as a set-off exceeded the verdict in favor of plain-
    tiff will not deprive plaintiff of his costs if defendant denied plaintiff's
    claim and put him to the expense and trouble of establishing it.
    (Page 226.)

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

STATEMENT BY THE COURT.

A. G. Milner in 1899 entered into a contract with the Cam-
den Lumber Company by which he agreed to supply the sawmill
of the Lumber Company with logs. During the progress of this
contract he became indebted to the company for goods and mer-
chandise furnished by the company to him, and the company in
November, 1900, recovered a judgment against him on this
account for about $600. Afterwards Milner brought an action
against the company, alleging that, in the contract he made with
the company whereby he had agreed to keep its mill supplied with
logs, it was stipulated on the part of the company that, to facili-
tate and   assist him in getting   out the logs, it would build a
tramroad to certain cypress brakes, from which he was to obtain
logs for the mill, and that it would put iron rails on a part of
such road, and furnish cars upon which to haul the logs, but that
in these and other respects the company failed to carry out its
contract, to his damage in the sum of $1,305, for which amount
he asked judgment.

The company denied that it had failed to carry out its contract, or that it was liable for the damages claimed. It further set up the judgment that it had previously recovered against the plaintiff, and asked that it "be taken as a counterclaim against any amount that might be found due plaintiff, and deducted therefrom. It was afterwards agreed by the parties that the question of using the judgment in favor of the company as a counterclaim against plaintiff should not be submitted to the jury, but should be submitted to the court after the verdict, and decided.

On the trial of Milner against the company the jury returned a verdict of $300 in favor of plaintiff.

Afterwards, the question whether the judgment against Milner in favor of the company could be used as a counterclaim against the action of Milner coming on to be heard before the court, it found in favor of defendant, and held that the defendant was entitled to set up said judgment as a counterclaim. The court thereupon held that, inasmuch as the amount of the judgment formerly recovered in favor of defendant exceeded the verdict in favor of the plaintiff, the amount of the verdict should be credited on the judgment, and the defendant should recover for all costs in the action brought by plaintiff. He accordingly credited the amount of the verdict on the judgment, and gave judgment in favor of defendant for costs of the action. Plaintiff appealed.

*G. W. Hays* and *Gaughan & Sifford,* for appellant.

The judgment should not have been allowed as a counterclaim. Sand. & H. Dig. § § 5861, 5868; 12 Ark. 102; 57 Ark. 209

RIDDICK, J., (after stating the facts.) The only matter involved in this appeal is a question of costs. It is admitted by plaintiff that under the provisions of our statute the defendant company had the right to set off the judgment it had previously recovered against plaintiff against any judgment which might have been recovered by plaintiff against the company in this action, but plaintiff contends that such judgment could not be used as a counterclaim, so as to prevent him from recovering the costs of this action. Kirby's Dig. § § 6238, 6239.

Our statute provides that where a defendant has a claim that he can use as a set-off against the demand of the plaintiff, and fails to do so, he shall not be allowed to recover costs in any suit which he may afterwards bring on such claims. Kirby's Digest, § 6104. But that section does not apply to plaintiff, for his demand, being in the nature of a claim for unliquidated damages, could not be used as a set-off in the former action, wherein the defendant recovered a judgment against him for goods and merchandise furnished.

There may be room to doubt whether this judgment of the defendant comes within the definition of a counterclaim given by our statutes. But it is unnecessary to discuss that question, for a judgment under our statute may not only be set off against another judgment, but may be used as a set-off against any claim founded on a contract. The language of the statute is that a set-off "must be a cause of action founded on contract or ascertained by the decision of a court." Kirby's Dig., § 6101. The judgment set up by the defendant is a claim ascertained by the decision of a court, and, we think, could be used as a set-off. We think the court properly decided that the judgment could be used as a set-off, and the main question is whether the fact that such judgment exceeded the verdict found in favor of plaintiff justified the court in imposing the costs of the action upon him.

Now, the defendant did not admit the demand of plaintiff, and ask to have its judgment set off against such demand. It not only pleaded its judgment as a counterclaim, but denied the claim of plaintiff as well. In other words, while denying the claim of plaintiff *in toto*, it asked that, if anything was found to be due plaintiff, its judgment be set off against such sums. But this denial of the claim of plaintiff was the cause of the trial, and the costs resulting therefrom. There was no controversy about the judgment set up by defendant or the validity thereof. So, the only necessity for a trial at law was to determine whether defendant was liable for any sum on account of the claim of plaintiff. Defendant, by denying any liability on that claim, put plaintiff to the trouble and expense of establishing his demand by a trial at law, and for that reason we are of the opinion that plaintiff is entitled to his costs. The circuit court should have credited, not only the amount of the verdict, but the costs to which plaintiff was entitled, upon the judgment held by defendant against him.

The judgment of the circuit court, so far as it refused his costs, will be reversed, and the cause remanded with an order that such costs be credited accordingly.   It is so ordered.