### JOHNSON et al. v. JOHNSTON.

No. 16653—Opinion Filed Jan. 4, 1927.

Withdrawn Jan. 25, 1927; Refiled March 1, 1927.

#### Judgment—Set-Off of Judgments not to Exclude Prior Attorney's Lien.

Where two persons have judgment against each other, either may have a set-off un-

der section 279, C. S. 1921, to the amount of the smaller judgment, but not to the exclusion of a prior attorney's lien where one cause of action was for breach of the conditions of a supersedeas bond, and the other for the destruction of a growing crop, since neither could have been set up as a counterclaim or set-off against the other.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Virginia Johnson and E. B. Johnston had judgments against each other. On motion of E. B. Johnston the two judgments were offset to the amount of Virginia Johnson's judgment against him to the exclusion of an attorney's lien of Sigler & Jackson. Virginia Johnson and Sigler & Jackson appealed. Reversed.

Sigler & Jackson, for plaintiffs in error.

R. L. Disney, for defendant in error.

Opinion by RAY, C.  Virginia Johnson, being in possession of 40 acres of land in Carter county, brought suit against E. B. Johnston to cancel and set aside a deed held by him to the land, as a cloud upon her title.  Judgment was for the defendant, E. B. Johnston, and Virginia Johnson executed a supersedeas bond conditioned that she would commit no waste, and, if the judgment should be affirmed, would pay the value of the use and occupation of the land from the date of the undertaking until the delivery of possession, pursuant to the judgment, and pay all costs, and brought the case to this court for review.  While the case was pending on appeal the defendant, E. B. Johnston, took possession of the land and excluded her therefrom, and as the result her growing cotton crop was destroyed. She then employed Sigler & Jackson, her attorneys in the other case, to bring suit against E. B.  Johnston for the destruction of the property, and agreed to pay them one-half of the amount recovered as their attorney's fees.  They brought the suit and indorsed on the petition the words "Lien claimed," and recovered judgment November 21, 1921, against E. B. Johnston for the sum of $395.  The judgment in the case appealed to this court was affirmed, and E. B. Johnston recovered judgment in the district court of Carter county against Virginia Johnson and the sureties on her supersedeas bond, in the sum of $660 and costs. That judgment was entered May 3, 1922. In 1924, Virginia Johnson caused an execution to issue upon her judgment, and E. B. Johnston filed his motion to quash the execution and to offset the judgments, one against the other.  Virginia Johnson and Sigler & Jackson, her attorneys, filed response to that motion alleging that the attorney's lien of Sigler & Jackson was superior to the right of set-off.  On showing that she and the sureties on the supersedeas bond were insolvent, the trial court was of the opinion that the right to offset the judgments was superior to the attorney's lien, and entered an order offsetting the judgments to the extent of the amount of Virginia Johnson's judgment.  Virginia Johnson and Sigler & Jackson bring the case here for review.

The defendant, E. B. Johnston, relies upon section 279, C. S. 1921, to sustain the offset.  The section reads:

"When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other; but the two demands must be deemed compensated so far as they equal each other."

The Supreme Court of Kansas in Levenson v. Lafontaine, 3 Kan. 523. held that this section did not apply after judgment, but that case was overruled in Turner v. Crawford, 14 Kan. 499.  It was there held that where two persons have judgments against each other either may maintain an action against the other to have the two judgments compensate up to the amount of the smaller judgment.  In the opinion by Justice Valentine this language was used:

"We do not think that the assignment of the Turner judgments to Hadley & Glick or their attorneys' lien on said judgment, can make any difference in this case.  Crawford's claim and judgment existed prior to the Turner judgments, prior to the said assignment to Hadley & Glick, and prior to their attorneys' lien.  Turner could therefore not assign his judgments, nor the claims upon which they were rendered, nor incumber such claims or such judgments with attorneys' liens, or any other kind of liens, so as to defeat Crawford's right to have his judgment or his claim compensate and pay the Turner judgments or claims.  A judgment is not like negotiable paper.  It may be assigned, but will still be subject to all the defenses, counterclaims, or set-offs which the judgment debtor might, at the time of the assignment, have against it."

That case was followed by this court in Patchell v. Harper, 40 Okla. 530. 139 Pac.

985, and the right to set off one judgment by another on motion to the exclusion of an attorney's lien was sustained. In that case the attorney's lien was claimed under section 261, S. L. 1909. Under that section the attorney's lien was perfected by entering the lien on the judgment docket opposite the entry of the judgment. The entry of the lien was made after the motion to offset had been filed. In this case the lien is claimed under section 4100. C. S. 1921, which gives the attorney a lien on his client's cause of action from the commencement of the action, and attaches to the judgment in his client's favor. The attorney's lien existed long before E. B. Johnston's cause of action arose. For that reason we think that case is not controlling. No question is raised as to the right to set off on motion. No doubt the attorney's lien attaches only to the judgment actually rendered, and does not take precedence over a counterclaim or set-off properly pleaded and proved in the action; but here the question is whether the right to set off one judgment against the other is superior to a statutory attorney's lien which has attached to the judgment. As to the right of setoff, where an attorney's lien has been decreed in the absence of a statute, the decisions appear to be in hopeless conflict as shown by an elaborate note to Jacobson v. Miller, reported in 34 A. L. R. 317. In such cases equitable principles are usually applied. Where the attorney's lien is statutory we think the weight of authority is against the set-off, but, in those cases, the right of set-off is often determined by the equities of the case rather than by statute. In this case, however, defendant in error relies upon section 279, above quoted, and quotes Freeman on Judgments (5th Ed.) section 1148:

"And the general rule is that while an attorney's lien is subordinate to the rights of the adverse party to offset judgments in the same transaction, it is nevertheless superior to any right to offset judgments obtained in wholly independent actions. * * *"

It is argued that an attorney's lien is but an equitable assignment to the extent of the lien, and, by the terms of the statute (sec. 279)', one cannot be denied the benefit of setoff by an assignment. The cases generally hold that an attorney's lien amounts to an equitable assignment, and we think there is reason in support of the contention that the statutory attorney's lien in this state is no more than an equitable assignment as no foreclosure is necessary.

Assuming. as contended. that the attor-

ney's lien is but an equitable assignment of the judgment to the extent of the lien, is the right of set-off within the meaning of section 279, superior to the lien in the circumstances of this case?

The claim here asserted by E. B. Johnston was no such claim against Virginia Johnson, at the time the attorney's lien attached to the judgment as to constitute either a counterclaim or set-off. He had no cause of action against her of any character until the judgment was affirmed by this court, and then his cause of action was upon the supersedeas bond, which could not have been pleaded either as a counterclaim or set-off in her action against him for damages for a tort. (Sections 274, 5 C. S. 1921.) The contention that the two causes of action arose out of the same transaction cannot be sustained. His cause of action, upon which he recovered the judgment, and by which he now seeks to compensate her judgment, was upon the supersedeas bond executed long prior to the commission of the tort for which she recovered her judgment. The two causes of action arose out of two·separate and distinct transactions in no way connected or related.

It is pointed out that the attorneys claiming the lien were attorneys for Virginia Johnson in all the litigation, and had knowledge of her insolvency, the probable result of the litigation, and of E. B. Johnston's right of set-off, and it is argued, with some plausibility. that in equity and good conscience their lien should not be held superior to the right of set-off. On the other hand, but for their services in bringing the action for an unliquidated claim, their insolvent client probably would have recovered nothing for the loss suffered. It was by their efforts that she recovered the judgment. It cannot be assumed that attorneys will render valuable professional services without the hope of compensation, where only property rights are involved. We think the language of the court in Dankwardt v. Kermode (Colo.) 187 Pac. 519, is appropriated here:

"That the Kermode claim against Dankwardt was unliquidated is an additional reason why the attorney's lien should, in equity and good conscience, prevail as against the right of set-off, as it was only through their professional skill and efforts that the demand finally became of any settled and definite value at all, and which otherwise might have been absolutely worthless."

We think the equities are opposed to the set-off. Whether the right of set-off as against an attorney's l'en shou'd be determined by

equitable principles, or as priorities of other liens are determined, is not decided, but expressly reserved.

The right to set-off the amount of Virginia Johnson's judgment, not covered by the attorney's lien, is not questioned. We think the court erred in holding that the right of set-off was superior to the attorney's lien. The case is, therefore, reversed, with directions to set aside the order appealed from in so far only as the attorney's lien is affected.

By the Court: It is so ordered.

· Note.—See 6 C. J. p. 793, §406; 34 C. J. p. 701, §1084; anno. 34 A. L. R. 323; 15 R. C. L. p. 824; 3 R. C. L. Supp. p. 496.