### CHERRY v. ERWIN & ERWIN.

No. 24658.   Sept. 17, 1935.

512

Cox & Cox and E. A. Foster, for plaintiff in error.

Erwin & Erwin, for defendants in error.

PER CURIAM. This action arose out of several other actions between the same parties in the district court of Lincoln county. J. W. Cherry sued Clyde Boyles and others in such court in cause No. 9605, and sued Clyde Boyles at the same time in cause No. 9606. There seems to have been other litigation between these parties, but only the two numbered cases are directly involved. Case No. 9605 was brought by Cherry for the foreclosure of a real estate mortgage covering property in the town of Warwick in Lincoln county, such property having been the homestead of Boyles; and case No. 9606 was brought to foreclose a chattel mortgage given by Boyles to Cherry on the crops produced on Cherry's land. Boyles was a farm tenant on Cherry's land in Lincoln county, and the two lawsuits numbered grew out of mortgages given by Boyles to secure Cherry for obligations due him in connection with Boyles' tenancy of the land. The real estate described in case No. 9605 was sold, but not for an amount sufficient to pay the judgment, and Cherry held a deficiency judgment in such case. In case No. 9606 Boyles filed a cross-action against Cherry and obtained a judgment against Cherry in the sum of $500, costs, etc. Cherry appealed case No. 9606 to this court and the judgment of the trial court was affirmed. Thus Cherry had his deficiency judgment against Boyles in case No. 9605 and Boyles had his judgment against Cherry in No. 9606. Upon the affirmance by this court of Boyles' judgment against Cherry, Erwin & Erwin, the defendants in error, a partnership engaged in the practice of law, who represented Boyles throughout all the litigation with Cherry, caused an entry to be made in the judgment docket in case No. 9606, of their attorneys' lien, and at the same time filed an assignment to them by Boyles of a one-half interest in the judgment in the case. It is admitted in the record that Boyles is insolvent and that he has departed from the state. We may thus conclude that if his attorneys are to be paid for their services to him in the cases mentioned, they will need to depend upon the judgment they obtained for Boyles against Cherry.

Upon Boyles' judgment being affirmed he caused an execution to be issued on his judgment against Cherry, and Cherry, having a deficiency judgment in case No. 9605, brought this suit to obtain from the court an order setting off the amount due him in case No. 9605 against the amount due Boyles from him in case No. 9606, and further enjoining the collection of the Boyles judgment. Erwin & Erwin claim one-half of the amount of this Boyles judgment under their attorneys' lien and the assignment by Boyles to them of a one-half interest in the judgment.

The only question of substantive law involved is as to whether Erwin & Erwin's rights under their attorneys' lien and assignment of an interest in the judgment are superior to Cherry's right to set off this judgment with his deficiency judgment, and thus avoid payment thereof under the execution which brought on this suit. At the time when Boyles assigned a one-half interest in the judgment to Erwin & Erwin, attorneys, he assigned the other one-half interest in the same judgment to Erwin & Erwin, physicians, these physicians also being made parties defendant in this case below. The trial court held against the physician partnership's assignment, and held that Cherry's right to set off his deficiency judgment against the one-half interest of the Boyles judgment, which had been assigned to the physician firm, was superior to such assignment. The physicians did not appeal and there is no question about their rights before this court. Boyles was a party to the suit below, but was not made a party to the appeal.

At the outset we are confronted with the serious questions of the sufficiency of the procedure followed by appellant. The motion for a new trial was overruled on November 3, 1932, and the appellant was given 60 days from such time to prepare and serve a case-made, with time to suggest amendments and for notice for the settling and signing of the case-made. On December 5, 1932, 30 days' additional time was given, and on January 28, 1933, February 18, 1933, and April 1, 1933, orders were made by the court giving 30 days' additional time in each order to prepare and serve the case-made, and in each order giving time to suggest amend-

ments and for notice of settling and signing the case-made. The order made on April 1, 1933, provided for 30 days' additional time in which to prepare and serve the case-made, and provided that the defendants in error should have five days thereafter in which to suggest amendments and that the case should be settled on three days' notice by either party. The five orders extending the time within which to prepare and serve a case-made were for a combined period of 180 days. The six months within which the case could be lodged in this court expired on the close of the 3rd day of May, 1933. The last order made extending the time for the service of the case-made, counting the time allowed therein for the suggestion of amendments, extended the time beyond the 3rd day of May, 1933, and the time within which the case could be lodged in this court. The first syllabus paragraph in Saxon v. Green, 131 Okla. 15, 267 P. 465, provides:

"An order of the trial court extending the time in which a case-made may be made, settled, and signed beyond the six months in which an appeal may be lodged in this court is void."

The identical question in the case cited is before the court in this case. There are other similar holdings by this court. The defendants in error appeared at the time and place set for the settling of the case-made and objected to the signing and settling thereof for the reasons that they had amendments to suggest, and that they were entitled to additional time in which to make them. The court noted the defendants' objections in writing in ink on the certificate signed by him. Under several decisions of this court, the settlement of the case-made was ineffective.

Objections are also made to the procedure followed by the appellant, in that Boyles, a necessary defendant, who would be materially affected by a reversal of the judgment below was not served with a copy of the case-made and was not made a party in the appeal. In view of our holding on the issues that were tried in the court below, any errors made in the procedure are immaterial. The parties to the appeal have filed their briefs on the substantive law, and we will pass on the same aside from questions of procedure.

Appellant contends that his right to set off his deficiency judgment against the Boyles judgment is superior to the claim of Erwin & Erwin for their attorneys' fees under the lien, and they further contend that

though these attorneys might have had a lien on the judgment had they perfected the same by following the provisions of the statute, the statute (Okla. Stats. 1931, sections 4204, 4206) provides that attorneys may endorse their lien claim on the petition or may give notice to the adverse party of their lien claim, and it provides a third method by which attorneys may, after judgment in any court of record, enter their lien claim in the judgment docket opposite the entry of the judgment. This may be done at any time before the rights of third persons intervene. In this case the defendants in error so entered their judgment lien before the appellant filed his suit asking for the set-off of his deficiency judgment against the Boyles judgment. The statute is silent as to when this entry in the judgment docket may be made. We obtained our attorney's lien law from Kansas. In Turner v. Crawford, 14 Kan. 499, the Supreme Court of that state held adversely to the contention of the appellees. This court, in Patchell v. Harper, 40 Okla. 530, 139 P. 985, followed the holding of the Kansas court. Later, the Supreme Court of Kansas, in Herman v. Miller, 17 Kan. 328, wherein Mr. Justice Brewer wrote the opinion, held an attorney's lien superior to the right of set-off under facts very similar to the facts in the case before us. In the opinion by Justice Brewer it is stated that the determination of the prior right of one seeking to set off a judgment against a judgment held against him, when the judgments are mutual between the parties, should be decided on strictly equitable principles.

This court in Johnson v. Johnston, 123 Okla. 203, 254 P. 494, held the rights of an attorney under his lien superior to the right of set-off under a mutual judgment in the same court. In the case cited a judgment was obtained for the breach of the conditions of a supersedeas bond and the other for the destruction of a growing crop. Thus the one judgment was obtained in a tort action and the other upon a contract. In the case under consideration one judgment was obtained upon a note and mortgage and the other upon a tort. Thus, under authority of the case of Johnson v. Johnston, Cherry would not be entitled to set off his judgment against the Boyles judgment. In Patchell v. Harper, supra, the attorney's lien was perfected by entering the lien on the judgment docket after the motion to set off had been filed. In Johnson v. Johnston, supra, the lien claim was endorsed on the petition, but aside from the differences be-

tween the cases cited and those cases and the one under consideration, we hold to the view held by Mr. Justice Brewer in Herman v. Miller, supra, that is, that the right to set off one judgment against another is not absolute, but that the equitable rights of the parties should be considered, and that when the rights of third parties intervene, as they do in this case, the court should hold the rights of such third parties as superior. Appellant insists that Erwin & Erwin are merely assignees of a one-half interest in the Boyles judgment, and that they are not lienholders. Then they insist that the assignment is ineffective. We do not think that the rights acquired under the lien were lost by assigning such rights. Erwin & Erwin had the right, in a separate action or in a motion in the same action, to enforce their rights and to have the court declare their ownership in the judgment. That being true, why could not Boyles voluntarily assign this right that he could, by action of the court, be compelled to assign or surrender?

Thus we hold that the right to set off one judgment against another is not absolute, but that equitable rights should be considered, and that the right of Erwin & Erwin to their interest in the Boyles judgment is superior to Cherry's right to set off his judgment against the same. Boyles is insolvent, and he needed the legal representation which these attorneys gave him in his litigation with Cherry. The record would indicate that Cherry's conduct toward Boyles was oppressive. He disregarded a supersedeas bond during an appeal to this court and helped himself to Boyles' property. While it is not raised by the defendant, it would seem that the inequitable conduct of Cherry disqualified him from demanding the equitable right to set off his judgment against Boyles' judgment, and such right by the holdings of this court, as well as the court of Kansas, whence we got our statute law on the matter, is decided on equitable principles, and is not an absolute statutory right. The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Frank Ertell, P. W. Holtzendorff, and J. Wood Glass in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ertell and approved by Mr. Holtzendorff and Mr. Glass, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.