## PURCELL BANK & TRUST CO. v. PALMER.

No. 25838. Sept. 8, 1936.

E. E. Glasco, for plaintiff in error.

C. G. Moore, for defendant in error.

PER CURIAM. The parties appear here as plaintiff in error and defendant in error in the same order as they appeared in the trial court. They will be herein referred to as plaintiff and defendant.

On Janaury 14, 1932, Roy High was the owner of a certain herd of sheep and had executed a mortgage on them to the Purcell Bank & Trust Company to secure the indebtednesss. At the above mentioned date said bank was being liquidated by the state of Oklahoma. The sheep in question were delivered to the defendant on said date by Roy High. This was at the direction of the trustees or liquidating agent in possession of said bank. On the 25th day of October, 1932, defendant filed in the district court of McClain county an assertion of a lien for feeding, grazing, and herding. He named as parties defendant Roy High, Purcell Bank & Trust Company, a corporation now in liquidation, the State Banking Commissioner of the State of Oklahoma, having charge of said bank for the purpose of liquidation, C. G. Alexander, liquidator of said bank, and J. H. Dyer, receiver for the Purcell Wholesale Grocery Company of Purcell, Okla., a dissolved corporation, and John R. Feland.

On the 18th day of November, 1932, all of the above-named defendants filed their answer alleging, among other things, that the defendant owed the Purcell Bank & Trust Company $975 on account of rentals for filling stations owned by said bank. There was a further allegation of careless treatment of said herd of sheep. All the above-named defendants filed an application to sell said sheep to satisfy the note executed by Roy High to said bank. To this, defendant herein filed motion to strike said motion to sell. On the 7th day of December, 1932, the court entered its order declaring a lien in favor of defendant for $334.25, and $25 attorney fees, and ordered the sheep sold to satisfy said lien by posting notices in five public places in the township at least 10 days before the sale.

On the 26th day of December, 1932, the date stated in the notice, the defendant, by his attorney, C. G. Moore, proceeded to declare the sale for cash to the highest bidder. Roy High appeared and bid for the plaintiff the full amount of the indebtedness, and the sheep were declared sold to the said Roy High. It is not clear that defendant understood that Roy High was bidding for the bank. The defendant says he was first informed Roy High was bidding for the plaintiff after the sale was closed and the sheep sold to the highest bidder. The court was justified in finding that the defendant had no actual knowledge that the plaintiff was bidding until after the bidding was closed. Directly after the sale defendant, through his attorney, demanded his money, and was told then by Roy High that he was bidding for the plaintiff. The attorney for the plaintiff then informed defendant that he would have to go to the banking house of plaintiff to get his money or to get settlement. Defendant appeared at the banking house with his attorney and demanded the money. There is a slight controversy as to whether or not the agent for the plaintiff then told the defendant that they were crediting his note and credited his note in the presence of the defendant or thereafter entered the credit. As we view the matter, that is immaterial. Payment was refused of the amount bid at the sale, and thereafter the bank consistently took the position that they had credited the amount due on a note for $2,650 remaining due at the banking house of said plaintiff, which it is admitted by the pleadings in this case had long been past due. After demand for possession of the sheep, which is admitted in this case, and refusal by the defendant, plaintiff instituted this action.

In a reply filed in this action plaintiff admits that it was declared insolvent on the 11th day of May, 1932, and that it was in the hands of the Bank Commissioner for liquidation. It states that on the 7th day of December, 1932, the Bank Commissioner turned said bank over to the board of trustees. For the first time in this reply is mentioned the $2,800 note of the defendant, which note resulted in the controversy leading to this action in replevin. It will be noted that the 7th day of December, 1932, is the date on which the defendant's lien was declared. In this same reply plaintiff

alleges that it bid the sheep in through its duly authorized agent at the sale described above. Judgment was rendered on a trial to the court without a jury for the defendant.

The first proposition urged by the plaintiff is that the order of the court establishing a lien on the sheep and ordering a sale of same is not res judicata in these proceedings. No authorities are cited on this proposition. The same will be considered in connection with the second proposition, to wit, that plaintiff had a right to set off as a credit the amount bid at the sale against the $2,650 due and owing to the plaintiff by the defendant. When the attorney for the defendant started to testify relative to the manner of conducting the sale, it was admitted by the plaintiff that C. G. Moore announced at the sale that the sale would be for cash. It is to be noted that the trustees or liquidating agent for the bank delivered the sheep to the defendant to be fed.

The trustees, according to the pleadings of the plaintiff, afterwards delivered the trust back to the plaintiff. Under either of the above theories plaintiff is not entitled to the possession of the sheep. Plaintiff cites many authorities on the right of set-off. Among these cases cited are Sliman v. Mathook (La.) 136 So. 749; Hart v. Polizzotto (La.) 131 So. 574; R. C. Bailey, App., v. Great Western Oil Co. (N. M.) 259 P. 614, 55 A. L. R. 467; Milner v. Camden Lumber Co., 74 Ark. 224, 85 S. W. 234; Turner v. Crawford, 14 Kan. 499; Johnson v. Johnston, 123 Okla. 203, 254 P. 494. As we view these authorities, they are not in point as to plaintiff's right to recover in rep'evin. In Johnson v. Johnston, supra, the court said:

"* * * But here the question is whether the right to set off one judgment against the other is superior to a statutory attorney's lien which has attached to the judgment."

This is an action in replevin, and plaintiff must recover on the strength of its own title. Producers Supply Co. v. Sinclair Oil & Gas Co., 105 Okla. 47, 231 P. 279; Williams v. Williams, 87 Okla. 195, 209 P. 769. Plaintiff did not seek to set off this note at the date of the filing of its answer to the process defendant chose to enforce his lien and the authorities cited by the plaintiff in its brief sustaining the proposition of the right to a set-off in an action in court where the party plaintiff seeks to recover the amount at a sale after refusal to pay are no authority for the proceedings taken by the plaintiff in this case to recover in an action in replevin.

The next proposition urged by the plaintiff is that the sale in the manner conducted by the defendant was illegal, and therefore resulted in a conversion of the sheep by the defendant to the loss of his lien. With this we cannot agree. We shall not go into any technical discussion of the nature of the sale involved as to whether it is judicial as determined by our statute, or whether it is a sale of personal property in the manner provided for the foreclosure of chattel mortgages. It is sufficient to say in this connection that the plaintiff appeared and contested the right of the defendant to have a lien on these sheep. It contested this right by asserting that he owed $975 for rentals on a filling station, and second, that he had carelessly and improperly cared for the sheep. Regardless of the nature of this judgment it was permitted to become final and the court ordered the sheep sold under this order. By virtue of the admission in its own allegations in this cause, plaintiff appeared at said sale and bid for the sheep. It therefore filed its action in the trial court alleging that it purchased the sheep at the sale, and that it paid for the sheep by crediting the amount due for the purchase price at said sale on the amount of the note of the defendant. It does not stand at this time in any position to urge the illegality or irregularity of the sale.

Finding no error in the action of the trial court in entering judgment for the defendant, the judgment of that court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.