Tom CHILDERS, G. C. Nordstrom, Floyd L. Walker, and George P. Striplin, Plaintiffs in Error,

v.

UNITED STATES FIDELITY & GUARANTY CO., Inc., Midwestern Engine & Equipment Company, Inc., and A. P. Adamson, d/b/a Adamson Oil Company, Defendants in Error.

No. 38734.

Supreme Court of Oklahoma.

May 16, 1961.

Floyd L. Walker, and George P. Striplin, Tulsa, for plaintiffs in error.

Harry T. Hudson, Oklahoma City, and G. Ellis Gable, Gable, Gotwals & Hays, Tulsa, for defendants in error, United States Fidelity & Guaranty Co., and Midwestern Engine & Equipment Co.

Campbell & Campbell, by Stanley Campbell, Tulsa, for defendant in error, A. P. Adamson d/b/a Adamson Oil Company.

BLACKBIRD, Vice Chief Justice.

This appeal is the latest one in litigation commenced in 1954, originally involving street building and improvement operations in Tulsa County of Tom Childers and his partner, doing business a "C & G Construction Company."

The original action was Cause No. 87391, entitled "Jeff Gabriel, Plaintiff, vs. Milford Vandiver, et al" of said County's District Court. In said action, Midwestern Engine & Equipment Co., Inc., herein also referred to merely as "Midwestern", and A. P. Adamson, d/b/a Adamson Oil Company, hereinafter also referred to merely as "Adamson", two of the partnership Construction Company's several creditors prosecuting claims in the action, recovered, in September, 1954, "net" judgments of $10,050 and $1,533.41, respectively, against it, together with their costs.

Thereafter, Childers employed counsel, who, on his behalf, instituted Cause No. 90442, in the same District Court, seeking damages against Midwestern, as defendant, for conversion of road machinery and equipment. On said plaintiff's petition, his said counsel endorsed "Attorney's Lien Claimed", as provided by Tit. 5 O.S.1951 § 6. At the close of the trial of said cause, on June 14, 1956, judgment was rendered for Childers against Midwestern, in the sum of $12,792.08. During the pendency of Midwestern's appeal from said judgment to this court (Midwestern Engine & Equipment Co. v. Childers, Okl., 323 P.2d 738) Childers' attorneys, Walker and Striplin, filed a notice in said Cause No. 90442, that, for their fee as Childers' attorneys in the case, they were claiming 50% of the amount of the judgment, or $6,396.04, and a lien on said judgment in that amount, with interest from June 14, 1956.

On October 12, 1956, Childers executed and delivered an assignment of the other one-half of his judgment against Midwestern in the last cited case to his father-in-law, G. C. Nordstrom, and notice of said assignment was filed therein during the same month.

Thereafter, Adamson's aforementioned judgment against Childers still being unpaid, he caused to be served upon Midwestern, in Cause No. 90442, on March 19, 1958, a summons in garnishment to determine, and to garnishee, Midwestern's indebtedness to Childers, if any. The next day Midwestern paid into court in said cause, the sum of $1620, claiming said sum to be the balance due under Childers' judgment against it, *after deducting from said judgment, the amount of the judgment it had obtained against Childers in Cause No. 87391,* as aforesaid; and moved the court for determination of its right to such deduction as an equitable setoff, and satisfaction pro tanto. This motion was withdrawn in May, 1958.

During the previous month of April, 1958, Childers, d/b/a C & G Construction Company, had applied for, and obtained, in Midwestern Engine & Equipment Co. v. Childers, supra, an order of this court allowing him judgment against U. S. Fidelity & Guaranty Co., the surety on Midwestern's appeal, or supersedeas, bond therein.

In November, 1958, Childers filed in Cause No. 90442, a motion to determine the same right of equitable setoff that Midwestern had claimed in its previously dismissed motion.

Thereafter, in December, 1958, Midwestern instituted the present action, Cause No. 96532, as plaintiff, naming as defendants, Childers and his Construction Company, as well as his attorneys, the above-mentioned Walker and Striplin, and his father-in-law, Nordstrom, in addition to Adamson and U. S. Fidelity & Guaranty Company. After reciting most of the facts hereinbefore related, and others unnecessary to mention, Midwestern's petition alleged:

\*    \*    \*    \*    \*    \*    \*

"XIII.

" \*   \*   \*   that its judgment, (in) Cause No. 87391 in the District Court of Tulsa County against the defendant, Tom Childers, was, in part, for the purchase price of certain construction equipment; that the judgment in Cause No. 90,442 in the District Court of Tulsa County, rendered in favor of Tom Childers and against this plaintiff, was for a claimed conversion of the same equipment; that said judgments arose out of the same transaction, and, at the time of the accrual of both causes of action, upon which such judgments were rendered, the right of set off and counterclaim existed as to such demands and judgments and the same can and should be set off against each other; that the two demands and judgments compensate one another insofar as they equal each other and in equity this Court should so declare and set the same off against each other.

"XIV.

"That the claims of the defendants, other than Tom Childers, are junior and inferior to the claim of this plaintiff for the reason that the right of set off and counterclaim in favor of this plaintiff arose prior to and became fixed and cancelled prior to the existence of the claims of such defendants; that the equities in favor of this plaintiff are superior to such defendants because the defendant Tom Childers should be required to off set the pur-

chase price of the equipment before he is allowed to collect the value thereof in a judgment against the judgment creditor for wrongful conversion. That at all times since plaintiff procured its judgment against him, the said Tom Childers has been and is insolvent. That the defendant, Tom Childers, and his assignee, G. C. Nordstrom, have heretofore issued executions in Cause No. 90,442 against this plaintiff and its surety and continue to threaten to have such executions issued and that such would cause an irreparable damage from which this plaintiff has no adequate remedy at law and this Court should restrain said Tom Childers and his Assignee, G. C. Nordstrom, from issuing execution until this cause is heard and disposed of

"Wherefore, plaintiff prays that this Court determine that the judgment against it in Cause No. 90,442 has been satisfied and released of record; that this Court weigh the equities as between this plaintiff and the other defendants and offset the judgments one against the other and satisfy both judgments of record and determine that the defendants herein, other than the defendant, Tom Childers, have no claims against this plaintiff; that the Court order that any amount on deposit herein, over and above its offsetting judgment, be ordered paid to the party and/or parties entitled and for its costs and that this Court issue a restraining order against the defendant Tom Childers and his Assignee, G. C. Nordstrom, restraining them from issuing execution in Cause No. 90,442 until the issues are determined."

After Walker and Striplin had filed a motion in Cause No. 90442, supra, to foreclose their attorney's lien, and Childers, d/b/a C & G Construction Company, Nordstrom, and Walker and Striplin had filed an answer to Midwestern's petition in Cause No. 96532, the two cases were con-

solidated with Cause No. 87391. In said answer, said defendants alleged, among other things, that:

At the time of Childers' assignment to Nordstrom no attempt or claim had been made by any person, firm or corporation to claim any interest in or to Childers' portion of the judgment in Case No. 90442; that at the time the judgment was assigned to G. C. Nordstrom that no attempt had been made by plaintiff to secure an equitable set-off of its judgment in Case No. 87391 against Childers' portion of the judgment in Case No. 90442; that the judgments in Case No. 87391 and 90442 do not setoff and satisfy themselves automatically; but that the allowance of an equitable setoff of one against the other is addressed to the equitable discretion of the court and is to be determined according to the equities existing at the time the application for such setoff is made.

After trial of the consolidated causes by the court, it found, among other things, that:

$4500.00 of the judgment Midwestern had recovered in Cause No. 87391 was an unpaid balance on the purchase price of the same road machinery and equipment that Childers had recovered his judgment against Midwestern in Cause No. 90442 for converting;

That, after the purchase and conversion of said equipment, cross demands existed between Midwestern and Childers under such circumstances that if one had brought an action against the other, a counter claim or setoff could have been set up;

That, in equity, Midwestern should be allowed to offset said $4500.00 to the exclusion of Walker and Striplin's attorney's lien; that, "as to the balance of such judgment and in equity, the attorney's lien claimant should be allowed to prevail over the right of Midwestern to offset to the extent of

one-half of the judgment in Case No. 90442, after deducting $4500.00 from that judgment, amounting to $4146.04";

That the assignment from Childers to Nordstrom was regular upon its face, in proper form, and, at the time of the assignment, Childers was indebted to Nordstrom in the approximate sum of $7500.00, and there has been no change in the situation since that time; however, it would be "entirely inequitable" for Nordstrom to defeat Midwestern's right of offset as against the one-half of the Childers' judgment that had been assigned to him;

"That the garnishment issued by A. P. Adamson, d/b/a Adamson Oil Company, against Childers in Case No. 87391, and served upon Midwestern on March 19, 1958, gave such garnisheeing creditor the equitable right to defeat the right of Midwestern to offset its judgment against Childers' judgment to the extent of $792.08; that, in equity, Midwestern has the right to set off its judgment against Childers in Case No. 87391 against the judgment Childers obtained against Midwestern in Case No. 90442, except to the extent set forth in this and in the last paragraph herein.

"XV.

"That, after *ofsetting* the judgment against Midwestern in Case No. 90442 to the extent allowed and reducing that judgment by the amounts allowed the attorneys' lien claimants and the garnisheeing creditor, there still remains the sum of $3,841.88, plus interest at 6% from the date hereof, on Midwestern's judgment against Childers in Case No. 87391, and Childers' judgment against Midwestern in Case No. 90442 is found to be paid and satisfied by mutual offset to the extent of $7,853.96 plus interest and by payment of the attorneys' lien claim in the amount of $4,146.04, plus interest from June 14, 1956, and the payment of the

sum of $792.08, without interest to A. P. Adamson, d/b/a Adamson Oil Company.

"To each and every one of the foregoing findings of fact and conclusions of law, each of the said parties is hereby granted an exception.

"Now, therefore, it is Hereby Ordered, Adjudged and Decreed by the court that A. P. Adamson, d/b/a Adamson Oil Company, have judgment against Midwestern Engine & Equipment Company, Inc., in the sum of $792.08 by reason of the garnishment summons heretofore referred to, and it is Further Ordered that the amount of said judgment be credited on the Adamson judgment against Tom Childers in Case No. 89371 and upon the Childers judgment against Midwestern Engine & Equipment Company in Case No. 90442.

"It is Further Ordered, Adjudged and Decreed by the court that Floyd L. Walker and George P. Striplin have an attorneys' lien against the judgment originally obtained by Tom Childers against Midwestern Engine & Equipment Company, Inc., in Case No. 90442, to secure the payment of the fee due them under their contract with Tom Childers and that their lien takes precedence over Midwestern's right of offset to the extent of $4,146.04, and, to that extent, it is prior and superior to the right of Midwestern Engine & Equipment Company, Inc., to offset its judgment in Case No. 87391 against the judgment against it in Case No. 90442; and It is Further Ordered that the attorneys, Floyd L. Walker and George P. Striplin, be declared to be the owners to the extent of $4,146.04, plus interest, of the judgment in Case No. 90442 against Midwestern Engine & Equipment Company, Inc., and that the payment so made be applied to the total attorneys' fee due Walker and Striplin from Childers.

"It is Further Ordered that the $1,620.00 paid into court by Midwestern be paid to Floyd L. Walker and George P. Striplin and credited upon the attorneys' lien of $4,146.04 allowed herein.

"It is Further Ordered, Adjudged and Decreed by the court that, after crediting the amounts of the judgments in favor of Adamson Oil Company, Floyd L. Walker, and George P. Striplin upon the judgment in favor of Tom Childers and against Midwestern in Case No. 90442, the balance of such judgment in the amount of $7,853.96 be and the same hereby is declared offset and cancelled by offsetting a like amount of the judgment in favor of Midwestern and against Tom Childers in Case No. 87391, and that each of the judgments be set off, one against the other, to the extent stated.

"It is Further Ordered, Adjudged and Decreed by the court that after crediting the above judgments and offsets, there remains the sum of $3,841.88 due Midwestern upon its judgment against Childers in Case No. 87391 as of this date; and that the judgment of Childers obtained against Midwestern in Case No. 90442 is hereby declared released, cancelled, and satisfied of record, and the said Tom Childers and G. C. Nordstrom, their assignees and any and all persons claiming or holding under them since the said judgment in Case No. 90442 was rendered, are hereby enjoined from claiming any further rights in connection with said judgment, to all of which rulings and the judgment as a whole all the parties object and exceptions are allowed. * * *."

After the overruling of their motion for a new trial, Childers, Nordstrom, Walker and Striplin lodged the present appeal, from the above-quoted judgment to the extent that it allows sums Childers owed Midwestern to be set off against his judgment against said Company, in priority, or

preference to, or in derogation of, the sums of Nordstrom's assignment of one-half of said judgment, and Walker's and Striplin's lien against the other one-half of said judgment. As a cross-appellant, Midwestern appeals from that portion of said judgment allowing part of Walker's and Striplin's attorneys fees, and Adamson's judgment against Childers, priority ahead of its (Midwestern's) claimed right to setoff. Adamson does not appeal.

We will first deal with the matter of priority between Walker's and Striplin's attorneys fee lien and Midwestern's claim of preference for setting off the balance of $10,050 due on the judgment it obtained in July, 1954, (against Childers) in Cause No. 87391, supra, against the judgment of $12,792.08, Childers obtained in June, 1956, (against it) in Cause No. 90442, supra.

Midwestern's position generally is not merely that the trial court abused its discretion, and/or violated equitable principles, in giving priority (over its "judgment setoff right") to the two attorneys' claimed lien. It does not claim that its judgment in the prior case was a lien on Childers' chose in action in the latter case (in this connection, see Burchfield v. Bevans, 10 Cir., 242 F.2d 239; Bank of Monticello v. L. D. Powell Co., 159 Miss. 183, 130 So. 292; 49 C.J.S. Judgments § 472, notes 2–5) but it contends that its entitlement to have its judgment setoff against his—in disregard of any and all claims against Childers, by attorneys, and other parties hereto—is a matter of right. The rationale of Midwestern's argument, concerning the attorneys' fee claim, seems to be that said attorneys' lien for said fee could have given them no more right, power, or competence to defeat its right of setoff, than an assignee has under Title 12 O.S.1951 § 278, which reads as follows:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or setoff could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other; but the two demands must be deemed compensated so far as they equal each other."

There is some disagreement among the opposing parties as to whether or not Midwestern's judgment in Cause No. 87931, supra, ever constituted such a "cross demand" as is described in the above quoted statute; but assuming, without deciding, that it did, does such assumed fact "automatically" entitle it, or require it *as a matter of right*, under said statute (as appellants deny) to be setoff—ahead of Walker's and Striplin's attorneys fee—against Childers judgment in Cause No. 90442? We think this question must be answered in the negative. In apparent recognition of the fact that the above statute was adopted from Kansas, this court, in Patchell v. Harper, 40 Okl. 530, 139 P. 985, 986, (upon which cross appellants rely for their "Proposition I—D" that the two judgments " * * * must be deemed compensated so far as they equal each other") followed the early Kansas Case of Turner v. Crawford, 14 Kan. 499, in which, among other things, a firm of attorneys named "Hadley & Glick" claimed an attorney's lien on the judgment Crawford had against Turner. It does not appear whether the named attorneys had, or asserted, the claimed lien *at the commencement* of Crawford's action against Turner (as was done in this case by endorsement on Childers' petition in Cause No. 90442, supra, as aforesaid) or whether they waited until after Crawford's judgment was rendered, before asserting it. It does clearly appear, however, that in the Patchell case, the attorney, Hacker, did not claim, or assert, his lien until *after the judgment* of his client, Harper, *was rendered* against Patchell, and Patchell had moved the court to setoff against it, a judgment he had theretofore recovered against Harper. While there is language quoted in the Patchell case from the Turner case, which was surplusage, dicta, and not necessary to the court's decision, but would seem to support the cross appellant's position in this case, we do not

think it represents views that can, or should, be applied to this case.

Without consideration of factors mentioned in some opinions that might make good arguments for preventing an attorney's lien upon a judgment (representing the fruits of his labor) from being superseded—after being claimed at the commencement of the action—by the claims of judgment creditors (see the references in Widick v. Phillips Pet. Co., 180 Okl. 432, 70 P.2d 474, 477, to Cherry v. Erwin & Erwin, 173 Okl. 511, 49 P.2d 788 and Adair v. First Nat. Bank, 139 S.C. 1, 137 S.E. 192, 51 A.L.R. 1269; Galbreath v. Armstrong, 121 Mont. 387, 193 P.2d 630; Davidson v. Lee, Tex.Civ.App., 162 S.W. 414, 415; 15 R.C.L. 823, 824), we think Midwestern's claim of setoff "right" must be held to have been defeated by its failure to claim it earlier. Still assuming, for the sake of Midwestern's argument, that the quoted statute it seeks to invoke (Sec. 278, supra) is applicable to, and supports, its said claimed "right", even under the Kansas Supreme Court's interpretation of said statute, such right is not "automatic" or "self-executing", but must be claimed by being pled. See Underwood v. Viles, 108 Kan. 276, 194 P. 1111. Notice also Wilson v. Tihcheff, 196 Okl. 243, 164 P. 2d 396, 398, wherein this court recognized that the value of the property converted by plaintiff, upon which defendant held a mortgage, " * * * could properly be pleaded by defendant * * * as a counterclaim." (Emphasis ours.) The same principle was applied in Hroch v. Aultman & Taylor Co., 3 S.D. (Stewart) 477, 54 N.W. 269, though under a statute making the matter more explicit than does ours. There, the court said:

"The counsel for appellant insist that as the Aultman & Taylor Company's judgment was recovered prior to the Hroch judgment, and was in existence when the Hroch judgment was entered, the right of set-off attached at once, and could not be displaced by the attorney's lien, that only took effect from the time of giving their notice to the Aultman & Taylor Company. This Court, however, held in the case of Pirie v. Harkness [3 S.D. 178], 52 N.W.Rep. 581, that the right to a lien and the right of set-off, while legal rights, *are dormant until actively asserted, and that the party first proceeding to assert his right acquires thereby the prior and superior right.* While the right of the attorney to a lien exists, and the right of the judgment debtor to set off mutual judgments exists, yet, *to be made effective, they require the action of the parties;* in the one case notice to be given of the claim of lien, and in the other an application to the courts to set off the judgments. These rights are similar, in their nature, to the rights of a creditor to attach the property of his debtor. *The right may exist, but can only become effective by the assertion of the right* in attachment proceedings to enforce it. Neither the attorney nor the judgment debtor may choose to enforce the right the law thus gives him. Under the law as laid down in the decision in that case, Hoppaugh & Ellis acquired the superior and better right to the money due on the Hroch judgment to the amount due them for their services under the terms of the contract. *They mailed the notice of their claim of lien* on June 5, 1891, more than a month *prior to the notice of the application to the court to set off the judgments. They thus clearly acquired a priority* over the claim of the Aultman & Taylor Company to set off the judgments." (Emphasis ours.)

See also State ex rel. Barnett v. Wood, 171 Okl. 341, 43 P.2d 136, 138, in which this court said, and demonstrated that, "an application to have judgments offset should be made at the earliest practicable opportunity * * *" instead of being delayed until after "the interests of third persons have intervened." The court there also quoted from Schuler v. Collins, 63 Kan. 372, 65 P. 662, 663, the rule that: "The existence of mutual judgments does

not entitle a party to have one setoff against the other arbitrarily, as a matter of right." The clear inference from Midwestern's argument is that, under sec. 278, supra, its judgment in Cause No. 87391, against Childers could have been setoff, or counter claimed, as a "cross demand" against Childers' claim, or demand, for damages in Cause No. 90442, supra; but it offers no excuse for not having pleaded such "cross demand", nor asserted therein the unpaid balance of $4,500 Childers owed it on machinery, or any other debt he owed it. Its counsel merely say that when it attempted to introduce its judgment into the evidence of that case, the court excluded it, after objection by opposing counsel; and, that it claimed its "right" of setoff for said judgment at the first opportunity after Midwestern & Equipment Co. v. Childers, supra, became final. In support of this representation, counsel (in their reply brief) quote, from the record of that case, the offer of proof made on Midwestern's behalf; but they do not quote opposing counsel's objection on the ground that the proffered evidence was " * * * without the scope of the issues * * * *as drawn by the pleadings* * * *"*. (Emphasis ours.)

The interpretation of the statute we are herein approving is in keeping with equitable considerations, also. It is axiomatic that in equity, the diligent are aided, or rewarded; and rights may be lost, or deemed waived, by not being *timely* claimed. The rule that the right to setoff may be waived, by not being timely claimed, has been applied both in state and federal jurisdictions. See, in addition to Widick v. Phillips Pet. Co., supra, the early case of Dunkin v. Calbraith, 1 Browne, Pa., 47, cited on page 339 of the note in 23 L.R.A., beginning at page 335. For application of the federal rule, see Nowata Oil & Refining Co. v. Elliott, D.C., 32 F.2d 349, digested in 13 Okl.Dig., Setoff and Counterclaim, █

█ In accord with the foregoing, it is our opinion that if Midwestern's judgment against Childers, in Cause No. 87391, supra, was within the denomination "cross demand" as used in Section 278, supra, so that, under said statute, it could have been counterclaimed, or set off, against Childers' claim, demand, or chose in action, in Cause No. 90442, and, by being pleaded or set up, as such, in said latter action, could have attained priority over Walker's and Striplin's attorney's lien therein, Midwestern lost such priority for said right to set off, by failing to claim or plead such right, or judgment, in said Cause No. 90442. Upon any hypothesis, supported by the record, Midwestern did not assert its claimed right until after the attorneys' lien came into being. Having so concluded, we hold that the trial court erred, and abused his discretion, in refusing to effectuate said lien to its full extent, and amount, in the judgment herein appealed from. On the basis of the issues and argument herein, said court should have held said attorneys had a lien upon the entire balance due (without deduction of the $4,500) on their client's (Childers') judgment against Midwestern in the amount of $6,396.04, with interest, prior, and superior, to all other claims dealt with i.\ said judgment.

We find no error or abuse of discretion in the priority the trial court gave Adamson's judgment.

█ It is also our opinion, that Midwestern's judgment in Cause No. 87391, supra, should be setoff against the balance due on Childers' judgment against it in Cause No. 90442, supra (after deduction of the two above claims) in preference, or priority, to Nordstrom's claim by reason of his assignment from Childers. On the basis of Nordstrom's undisputed testimony, said assignment was for previous debts and was of the same character as Crawford's assignment to Bartlett & Hale in Turner v. Crawford, supra, namely: A "security", rather than an "absolute", assignment. According to Nordstrom's testimony, no credit upon, nor reduction of, his claim against his said son-in-law has been given,

or made, by reason of said assignment. As hereinbefore stated, Midwestern's and Adamson's claims were reduced to judgment long before Nordstrom took said assignment, and he had constructive, and reasonably inferable actual, notice of both judgment debts at the time he took said assignment.

In view of the foregoing, the judgment of the trial court is reversed in part and affirmed in part; and the within cause is remanded to the trial court with directions to vacate said judgment and enter a new one conforming to the views herein expressed.

WELCH, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, C. J., and HALLEY and BERRY, JJ., dissent.