No. 37,524

HELEN FORREY, *Appellee* and *Cross-appellant*, v. ROBERT R. FORREY, *Appellant.*

(204 P. 2d 725)

Opinion filed April 9, 1949.

*E. S. Hampton,* of Salina, argued the cause, and *B. I. Litowich, LaRue Royce, H. H. Dunham, Jr., John Q. Royce* and *H. G. Engleman,* all of Salina, were with him on the briefs for the appellant.

*William S. Norris,* of Salina, argued the cause, and *F. C. Norton,* of Salina, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.:    This is a divorce action. The court granted a divorce to the plaintiff wife, awarded permanent alimony and made a division of the property. Both parties have appealed from the lower court's judgment with reference to the property matters.

The evidence is not abstracted but the court made comprehensive findings of fact which show the following situation:

Plaintiff and defendant were married in 1911 and lived together as husband and wife in Salina until their separation in September, 1931. During this 20-year period eight children were born to them and at the time of their separation the youngest child was six months old and the oldest seventeen years of age. Defendant had been a butcher and meat cutter, having worked in grocery stores belonging to others until September, 1931, when he opened his own store in Salina and which was still operated by him at the time of the divorce action. A woman other than the defendant's wife had been employed in the same store with defendant for a considerable period prior to the separation of plaintiff and defendant in 1931. There had been considerable gossip concerning defendant and her which caused the plaintiff to object to and forbid her employment by defendant when he opened his own grocery store and meat market. At about that time defendant ceased living with plaintiff and some two years later the woman in question commenced working at defendant's store and has ever since been so employed. She attended the entire trial as a witness for defendant.

The court found that the plaintiff at all times since her marriage to defendant had properly and faithfully conducted herself as his wife; that the defendant, without provocation on the part of plaintiff and without any justifiable cause, left the home then occupied by plaintiff and defendant and their eight children and did not at any time thereafter return or offer to return to the home; and that after the defendant left his home in September of 1931 plaintiff devoted her entire time and efforts to keeping and maintaining a home for her eight children and that she had properly reared, nurtured and educated all of them. The defendant took no part whatever in the rearing or caring for the children or in assisting plaintiff in performing such duties except to furnish plaintiff and the children with

a place to live and with sufficient necessities of life in the way of food, together with a part of the clothing required for the family. A portion of such clothing and some living expenses in the meantime were provided by donations from relatives and by the older children as they arrived at an age where they could find employment and also from earnings of the plaintiff in part-time employment. The defendant for some time prior to their separation was morose and sullen toward the plaintiff and children and ever since had failed to show or exhibit any affection for the plaintiff or any of the children. At the time he left the home and his wife and children he rented a room over his store, in which he had ever since lived alone.

At the time of the separation of the parties their only property consisted of the home, together with an automobile and personal effects. Since that time defendant acquired considerable property and at the time the divorce action was tried in the spring of 1948 he owned the home occupied by plaintiff and her three minor children, having a value of approximately $10,000; a 20-acre tract in Saline county valued at $8,000; a section of land in Saline county valued at $25,600; livestock valued at $16,659; two automobiles and two trucks worth several thousand dollars; a new tractor for which he had paid approximately $2,400; and his grocery and meat market in Salina. In addition thereto the court found that during the two years preceding the divorce action defendant had sold livestock totalling $8,890.28 and that his net profit from the operation of his grocery store and meat market amounted to approximately $420 per month.

The court further found that the defendant was guilty of abandonment for more than one year and of extreme cruelty and awarded a divorce to the plaintiff. She was given the care, custody and control of the three minor children and defendant was ordered to pay the sum of $30 per month for the support of one of them.

The defendant was ordered to pay alimony in the amount of $10,000, the same being payable $500 forthwith and the remainder at the rate of $100 monthly until the total amount shall have been paid. The residence property occupied by plaintiff and her children as a home was awarded to her and in addition thereto the above-mentioned 20-acre tract, valued at $8,000, was set off to her, free and clear of any claim of the defendant. Following a further hearing had on post-trial motions the court awarded an additional sum of $3,500 to plaintiff by way of a further division

of property, the same to be paid forthwith, and allowed plaintiff's attorneys a total sum of $1,200 for their services in the district court proceedings.

In his appeal the defendant makes no complaint about the granting of the divorce or as to the award of $10,000 alimony and the home to the plaintiff, and his sole argument is based on the proposition that the court erred in making a "division" of the property for the reason that the 20-acre tract and the cash award of $3,500 were not property "as shall have been acquired by the parties jointly during their marriage." In brief, the plaintiff contends that all of the property owned by defendant at the time of the divorce action was acquired by the parties jointly during their marriage and that the court should have awarded to her more than it did, together with additional attorney fees.

In other words, plaintiff contends that the division of property is inequitable as not being sufficient, and defendant argues that the court had no jurisdiction whatever to award plaintiff anything other than the home and the alimony in the amount of $10,000. We will first consider the contention of the defendant.

The pertinent portion of the statute (G. S. 1947 Supp. 60-1511) dealing with a "division" of property is as follows:

". . . And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. . . ."

This provision has been construed many times to mean just what it says, that is, in a divorce action where it appears that property has been acquired by the parties jointly during their marriage the court may direct a division of the property in kind or may set the same apart to one of the parties, as may appear just and reasonable. The defendant concedes this to be the law and his whole argument is based on the premise that since the only property owned by the parties at the time of their separation in 1931 consisted of the home, automobile and personal effects, all of the balance of property owned by him at the time of the divorce action was acquired by him separately and is not to be considered as being "acquired by the parties jointly during their marriage." This court apparently has never passed on the precise question as to when property is or

is not to be considered as being "acquired by the parties jointly during their marriage" and the textbooks do not throw much light on the matter. In 27 C. J. S. 1122, Divorce, § 294, subdivision (b), we find the following general definition:

"Jointly acquired property within the meaning of a statute providing for distribution thereof in a divorce action has been held to mean property accumulated by the joint industry of the husband and wife during coverture."

The lower court, in passing on the matter, rendered the following conclusion of law with reference to this question:

"While the property of the defendant, other than the home in which the parties resided prior to their separation, has been accumulated by the defendant subsequent to the separation of the parties in 1931, yet, inasmuch as there was no dissolution of the marriage relationship and plaintiff has devoted all of her time and effort to the rearing and care of the eight children of the parties, thereby leaving the defendant free to devote his entire time to his business pursuits, plaintiff must be said to have contributed to the accumulation of such property, and plaintiff is entitled to a division of the same in addition to the alimony hereinbefore allowed her, and to be awarded her as her sole and separate property free from any lien, right, claim or interest of any kind or nature on the part of the defendant therein, the following described property, to-wit: . . ."

This opinion might very easily be extended indefinitely on the question of the extent of plaintiff's efforts and industry in carrying out her part of the marriage relationship in the rearing, caring for and educating the eight minor children of the parties during the long period of years they were separated but it is sufficient to say that under the facts of this case we have no hesitancy whatsoever in saying that the plaintiff must be said to have contributed to the accumulation of the property and that surely in this sense of the word it was "acquired by the parties jointly during their marriage" within the meaning of the provision of the statute heretofore quoted. In fact, we think that the trial court very aptly and properly stated the matter in its conclusion. Defendant relies heavily on the case of *Joiner v. Joiner*, 131 Tex. 27, 112 S. W. 2d 1049, in which the Texas court construed the Oklahoma statute similar to ours. While there is some similarity between that case and the one under consideration, yet the facts and reasoning of the court are easily distinguishable from this case.

And so we hold that under the facts of this case the property in question is property "acquired by the parties jointly during their marriage" as contemplated by the provision of the statute and thus

was subject to division between the parties in the sound discretion of the court.

There remains the question of plaintiff's cross-appeal—that is, was the award of alimony and property to her sufficient, just and equitable in view of all the circumstances? This court has long adhered to the view that an award of alimony and division of property made by the trial court in a divorce action will not be disturbed unless it is clearly shown that there was an abuse of discretion. (*Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165.) The opinion in that case reviews many of our earlier decisions as to what was deemed fair and equitable under the facts of each particular case and there is no need here to discuss them in detail. The award of the money and property to the plaintiff in this case amounts to considerably less than one-half of the property owned by defendant at the time of the divorce proceeding and under the circumstances we cannot say that it was excessive. On the other hand, it appears to us that the plaintiff has been adequately provided for by the decree. The trial court, after hearing the testimony concerning all matters in issue was in a much better position to determine that question than this court is on appeal and we cannot say that the court abused its sound discretion or that its ruling should be disturbed.

Further, we hold that plaintiff's attorney fee for services in the lower court in the amount of $1,200 was fair and reasonable and should stand.

From what has been said it therefore follows that all orders and judgments appealed from the lower court should be and they are hereby affirmed.